971 So.2d 1278 (2008)
Woodroe Wilson SELLARS, as a Wrongful Death Beneficiary of and on Behalf of the Wrongful Death Beneficiaries of Nettie Mae DILL, Deceased, Appellant
v.
WALGREEN CO., d/b/a Walgreens, and Jane Doe, Appellees.
No. 2006-CA-02146-COA.
Court of Appeals of Mississippi.
January 8, 2008.
James D. Moore, attorney for appellant.
Robert K. Upchurch, Tupelo, Janelle M. Lowrey, attorneys for appellees.
Before MYERS, P.J., IRVING and ISHEE, JJ.
IRVING, J., for the Court.
¶ 1. Woodroe Wilson Sellars, on behalf of himself and all of the wrongful death beneficiaries of Nettie Mae Dill, filed a complaint against Walgreen Co. (Walgreens), alleging that an unknown Walgreens pharmacist (Jane Doe) negligently caused the death of Sellars's mother, Dill, when the pharmacist refused to fill a prescription without payment. Walgreens moved the Lee County Circuit Court for summary judgment, which the court granted. Aggrieved, Sellars appeals and alleges that the court erred in granting summary judgment because there were genuine issues of material fact, that the court erred in granting summary judgment because submitted affidavits set out the applicable standard of care, and that the court erred *1279 in dismissing a medical malpractice claim for failure to file a certificate of consultation.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On March 8, 2005, Dill was admitted to the hospital and was released with several prescriptions for various medications. Dill and her family proceeded to a Walgreens during the early morning hours of March 8 to fill the prescriptions. Dill was covered by Medicaid, but there was apparently a problem with the computer system at the pharmacy that prevented Walgreens from processing Dill's Medicaid. Walgreens told Dill's family that the prescriptions could be filled if they were paid for directly. Since Dill and her family were unable to do so, the prescriptions were not filled. Shortly thereafter, Dill passed away. Sellars alleges that the prescriptions that Walgreens refused to fill could have saved Dill's life if they had been given to her. Therefore, Sellars filed a complaint against Walgreens and the unknown pharmacist who refused to fill the prescriptions, alleging that Walgreens negligently caused Dill's death.
¶ 4. During discovery, Sellars filed two affidavits. Although both affiants stated that they were familiar with the standard of care and that Walgreens breached that standard when it refused to fill Dill's prescriptions, neither stated exactly what standard of care Walgreens owed to Dill. Sellars also did not point to any statute or case law that created a legal duty or standard of care on the part of Walgreens. Accordingly, the court granted summary judgment, finding that "[Sellars] has failed to cite a Mississippi statute, rule or case which establishes a legal duty on the part of a pharmacist to fill a prescription." It is from that order that Sellars appeals.

ANALYSIS AND DISCUSSION OF THE ISSUES
1. Propriety of Summary Judgment[1]
¶ 5. We apply a de novo standard of review to a lower court's grant or denial of summary judgment. Jones v. Fluor Daniel Servs. Corp., 959 So.2d 1044, 1046(¶ 9) (Miss.2007). We look at the evidence in the light most favorable to Sellars, the party against whom summary judgment was granted. Id. We will affirm summary judgment only if there are no genuine issues of material fact and Walgreens is entitled to summary judgment as a matter of law. Id.; M.R.C.P. 56(c). Because Sellars is asserting a claim of negligence, to overcome summary judgment he must show a genuine issue regarding each of the four elements of negligence, which are:
1. A duty, or obligation, recognized by law, requiring [Walgreens] to conform to a certain standard of conduct. . . .
2. A breach of the duty, a failure on [Walgreens] part to conform to the standard required.
3. A reasonably close causal connection between the conduct and the resulting injury.
4. Actual loss or damage. . . .
Weathersby Chevrolet Co. v. Redd Pest Control Co., 778 So.2d 130, 133(¶ 8) (Miss. 2001) (quoting Carpenter v. Nobile, 620 So.2d 961, 964 (Miss.1993)). The trial court granted summary judgment on behalf of Walgreens because Sellars did not show any genuine issue regarding Walgreens duty and the applicable standard of care.
*1280 ¶ 6. Sellars contends that the court erred in so reasoning because the two affidavits that he provided set out "the applicable duty to conform to the applicable standard of care for a reasonably prudent pharmacist under the same circumstances."[2] However, after reviewing the affidavits, we cannot agree.
¶ 7. One affidavit was filed by Donald McKenna, a registered and licensed pharmacist in the state of Arizona. McKenna stated that he was familiar with the facts of Dill's case. As to the standard of care, McKenna offered only conclusory statements with no indication of the actual standard of care: "That I am familiar with the standard of care of pharmacists with respect to their duties for filling prescriptions of patients such as Ms. Dill . . . the standard of care which Walgreens . . . should have followed was to fill Ms. Dill's prescriptions on the night in question. . . ." However, this is not a statement of a standard of care; rather, it is simply another way of saying that Walgreens breached the standard of care. Nothing in McKenna's affidavit addresses whether Walgreens owed a legal duty to Dill. Therefore, McKenna's affidavit was not sufficient to overcome summary judgment.
¶ 8. Sellars's second affidavit was filed by Dr. Michael Kalafer, a physician in California. Dr. Kalafer stated that he was familiar with Dill's case. Dr. Kalafer did not even mention or attempt to address the applicable standard of care. Instead, Dr. Kalafer opined that Walgreens failure to fill the prescriptions was the proximate cause of Dill's death. Dr. Kalafer's affidavit also is insufficient to overcome summary judgment.
¶ 9. Sellars contends that Walgreens "owed a duty to act as a reasonably prudent pharmacist would in the same or similar circumstances." Sellars then contends that the affidavits he provided "outline the standard for a professional pharmacist." As we have discussed, the affidavits did not establish that Walgreens owed any duty to Dill, nor did they establish what the applicable standard of care would be if Walgreens did owe a legal duty to Dill. Sellars has provided no legal authority, such as a statute or case, to show that Walgreens owed any legal duty to Dill to fill her prescriptions.
¶ 10. In the absence of any issue of material fact regarding the legal duty or standard of care owed by Walgreens, summary judgment was properly granted. Sellars's contentions to the contrary are without merit.
2. Certificate of Compliance
¶ 11. In his final contention of error, Sellars claims that the court erred in dismissing his claim "for failure to file a certificate of consultation." Nothing in the court's judgment indicates that it granted summary judgment because Sellars had failed to file a certificate of consultation. Rather, summary judgment was granted on the grounds already discussed. As such, this issue is irrelevant and without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*1281 KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] We address both Sellars's first and second issues in this discussion, because the two are intertwined, and both address the propriety of summary judgment.
[2] Walgreens contends that we should not even consider Sellars's contentions regarding the affidavits because the affidavits were not the basis of the court's judgment. However, in the interest of thoroughness, we examine the contents of the affidavits to ensure that nothing in them prohibited the court's grant of summary judgment.