LEE, P.J.,
 

 for the Court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. On September 27, 2005, security personnel at the Horseshoe Casino in Tu-nica County, Mississippi detained Torsha A. Brown for failing to provide identification. Brown engaged in a physical struggle with security officers while she was being detained, and the Tunica County Sheriffs Department was notified. Brown was ultimately charged with trespassing and disturbing the peace. Brown’s trespassing charge stemmed from an earlier incident at the same casino, which resulted in Brown’s permanent eviction from the Horseshoe Casino.
 

 ¶ 2. Brown pleaded not guilty in the Tunica County Justice Court to both charges. Brown’s trespassing charge was dismissed, but she was found guilty of disturbing the peace. Brown appealed her conviction to the Tunica County Circuit Court. The circuit court reversed Brown’s conviction for disturbing the peace.
 

 ¶ 3. On September 21, 2007, Brown filed a complaint against Harrah’s Entertainment, Inc., d/b/a Horseshoe Casino — Tuni-ca (the Casino) alleging false arrest. The Casino ultimately filed a motion for summary judgment, and after a hearing on the matter, the trial court granted the Casino’s motion. The trial court found that there were no genuine issues of material fact and that Brown’s false arrest claim was barred by the one-year statute of limitations for intentional torts. Brown now appeals, asserting the following issues: (1) the trial court failed to consider her claims of negligence; (2) the trial court applied an incorrect standard of law; (3) the trial court abused its discretion by allowing the Casino to withhold or destroy surveillance evidence; (4) the trial court allowed the Casino to violate a court order; (5) the trial court abused its discretion in handling the arguments during the motion hearing; and (6) the trial court erred in hearing different motions simultaneously. Finding that summary judgment was proper, we decline to review Brown’s remaining issues.
 

 STANDARD OF REVIEW
 

 If 4. In reviewing a trial court’s grant of summary judgment, this Court employs a de novo standard of review.
 
 Anglado v. Leaf River Forest Prods.,
 
 716 So.2d 543, 547(¶ 13) (Miss.1998). Summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled
 
 to
 
 a judgment as a matter of law.” M.R.C.P. 56(c). All of the evidence before the trial court must be examined in the light most favorable to the non-moving party.
 
 Palmer v. Anderson Infirmary Benevolent Ass’n,
 
 656 So.2d 790, 794 (Miss.1995). The party opposing the motion “may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” M.R.C.P. 56(e). The entry of summary judgment is mandated if the non-movant “fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law.”
 
 Galloway v. Travelers Ins. Co., 515
 
 So.2d 678, 684 (Miss.1987).
 

 
 *829
 
 DISCUSSION
 

 ¶ 5. Brown first contends that summary judgment was inappropriate because both negligence and intentional torts were committed against her. Brown does concede, however, that her claim of false arrest is an intentional tort and is subject to a one-year statute of limitations.
 
 See
 
 Miss. Code Ann. § 15-1-35 (Rev.2003);
 
 see also City of Mound Bayou v. Johnson,
 
 562 So.2d 1212, 1218 (Miss.1990) (no difference between intentional tort of malicious arrest, as enumerated in section 15-1-35, and false arrest). Brown’s claim for false arrest arose on September 27, 2005, and her complaint was filed on September 21, 2007, well outside the one-year statute of limitations.
 

 ¶ 6. Brown also contends that the Casino employees acted negligently while arresting her. During the hearing on the motion for summary judgment, the trial court noted that all of Brown’s instances of alleged negligence were part of her false arrest claim; thus, the one-year statute of limitations applied. Regardless, Brown has failed to set forth specific facts to establish the existence of each element of negligence — duty, breach of that duty, proximate causation, and damages.
 
 See Green v. Dalewood Prop. Owners’ Ass’n,
 
 919 So.2d 1000, 1005(¶ 10) (Miss.Ct.App.2005). Brown’s argument simply consists of allegations of purported negligence, and she has offered no other support by means of affidavits or other such support anticipated by Rule 56 of the Mississippi Rules of Civil Procedure to prove the existence of a genuine issue of material fact.
 

 ¶ 7. Finding that summary judgment in favor of the Casino was proper, we decline to review Brown’s remaining issues.
 

 ¶ 8. THE JUDGMENT OF THE TU-NICA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON and MAXWELL, JJ„ CONCUR.