CHANDLER, Justice,
for the Court:
¶ 1. Shumaera Ranee filed a complaint in the Circuit Court of Humphreys County against Dr. Sidney Carlton Gorton, Dr. Daisy Thomas, Humphreys County Memorial Hospital (HCMH), and John Does 1-5 for the wrongful death of her ten-month-old son, Dexter Jordan, Jr. Dr. Gorton filed a motion for summary judgment that alleged he was employed by Greenwood Leflore Hospital, an entity covered by the Mississippi Tort Claims Act (MTCA). See Miss.Code Ann. §§ 11-46-1 to 11-46-23 (Rev.2002). Dr. Gorton argued that Ranee had failed to provide a timely notice of claim under the MTCA and that the MTCA’s one-year statute of limitations had expired, barring Ranee’s claims. See Miss.Code Ann. § 11-46-11(3) (Rev.2002). The trial court denied the motion for summary judgment.
¶2. This Court granted Dr. Gorton’s petition for an interlocutory appeal. We find no genuine issue of material fact in Dr. Gorton’s assertions that Greenwood Leflore Hospital employed him at the time of the allegedly tortious conduct, and that the MTCA applied to Ranee’s claims against Dr. Gorton. Because Ranee failed to provide timely notice of claim to Greenwood Leflore Hospital, and her complaint *354 was filed outside the MTCA’s one-year statute of limitations, we reverse the denial of summary judgment and render a judgment in favor of Dr. Gorton.

FACTS

¶ 3. Ranee’s complaint alleged that Jordan had received treatment and tragically died at HCMH. On August 7, 2007, Jordan was admitted to HCMH with vomiting and signs of pneumonia. Shortly thereafter, Jordan experienced difficulty breathing. Jordan’s treating physician was Dr. Thomas, but the medical records reflect that Jordan was admitted to Dr. Gorton’s service and the case was discussed with him. Early the following morning, Dr. Thomas determined that Jordan needed additional medical assistance and requested air transportation to the University of Mississippi Medical Center. Jordan died before leaving HCMH’s grounds. His autopsy report stated that his cause of death was pneumonia.
¶ 4. On July 1, 2008, Ranee served a notice of claim on the chief executive officer of HCMH as required by the MTCA. Miss.Code Ann. § 11-46-11(3) (Rev.2002). She filed suit on November 5, 2008. Ranee claimed that, due to a lack of adequate and immediate medical care, Jordan had experienced unnecessary pain, suffering, and death. Ranee contended that the defendants’ conduct constituted negligence, gross negligence, and reckless disregard for Jordan’s rights, justifying punitive damages. Dr. Gorton filed a separate answer and affirmative defenses, including statute of limitations, jurisdiction, and venue under the MTCA. Later, Dr. Gorton filed a motion to dismiss or, in the alternative, a motion for summary judgment with attached contracts showing his status as an employee of Greenwood Leflore Hospital, a government-owned hospital subject to the MTCA.
¶ 5. Ranee filed a response to the motion. She asserted that, despite having conducted a thorough investigation prior to filing suit, she had failed to discover Dr. Gorton’s employment with Greenwood Le-flore Hospital until the motion for summary judgment had been filed. Ranee admitted that Dr. Gorton had entered into a contract with Greenwood Leflore Hospital, but argued that it provided for only a courtesy membership on Greenwood Le-flore Hospital’s staff and privileges on the active medical staff of HCMH. In a supplemental response filed on June 3, 2009, Ranee asserted that discovery was necessary to determine the dates of Dr. Gor-ton’s employment by Greenwood Leflore Hospital. Dr. Gorton filed supplemental materials in reply to the response to the motion for summary judgment. After a hearing, the trial court entered an order that stated the motion was denied because a genuine issue of material fact was in dispute; the order did not provide further explanation.

STANDARD OF REVIEW

¶ 6. The standard of review for the grant or denial of a motion for summary judgment is de novo. Stringer v. Trapp, 30 So.3d 339, 341 (Miss.2010). Summary judgment properly may be granted where “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” M.R.C.P. 56(c). “If no genuine issue of material fact exists and the moving party is entitled to summary judgment as a matter of law, summary judgment should be entered in that party’s favor.” Trapp, 30 So.3d at 341. The burden rests on the moving party. Id. The trial court views all evidence before it in the light most favor *355 able to the nonmoving party. Vaughn v. Miss. Baptist Med. Ctr., 20 So.3d 645, 649-50 (Miss.2009).
 ¶ 7. “Once the absence of genuine material issues has been shown, the burden of rebuttal falls upon the non-moving party. To survive summary judgment, the non-moving party must produce specific facts showing that there is a genuine material issue for trial.” Wilbourn v. Stennett, Wilkinson & Ward, 687 So.2d 1205, 1213—14 (Miss.1996); see also M.R.C.P. 56(e). Therefore, “[t]o avoid summary judgment, the non-movant must set forth specific facts that demonstrate a genuine issue of a material fact that merits trial instead of mere unsubstantiated allegations.” Green v. Allendale Planting Co., 954 So.2d 1032, 1038 (Miss.2007) (citing Richmond v. Benchmark Constr. Corp., 692 So.2d 60, 61 (Miss.1997)). “The party opposing the motion must be diligent.” Richmond, 692 So.2d at 61-62 (citing Grisham v. John Q. Long V.F.W. Post, 519 So.2d 413, 415 (Miss.1988)). However, “[sjummary judgment is mandated where the respondent has failed ‘to make a showing sufficient to establish the existence of an element essential to that party’s case, and on which that party will bear the burden of proof at trial.’ ” Dearman v. Christian, 967 So.2d 636, 639 (Miss.2007) (citations omitted).
¶ 8. The nonmoving party “remains silent at her peril.” Fruchter v. Lynch Oil Co., 522 So.2d 195, 198-99 (Miss.1988). “[A]n adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.” M.R.C.P. 56(e); see also Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss.1984).

LAW AND ANALYSIS

I. The applicable provisions of the MTCA.
¶ 9. The MTCA provides immunity to government entities, such as public hospitals, and to government employees under specified circumstances. See Miss.Code Ann. §§ 11-46-1 to 11-46-23 (Rev.2002). The MTCA provides the exclusive remedy for money damages against a governmental entity or its employee. Miss.Code Ann. § 11-46-7(1) (Rev.2002). However, a party may join an employee, in his or her representative capacity, in an action against a governmental entity “if the act or omission complained of is one for which the governmental entity may be liable.” Miss.Code Ann. § 11-46-7(2) (Rev.2002). But an employee cannot be personally liable for any acts or omission that occurred within the course and scope of his or her duties. Miss.Code Ann. § 11-46-7(2).
¶ 10. Public hospitals are covered by the MTCA. Miss.Code Ann. § 11 — 46—l(j) (Rev.2002). A party claiming injury under the MTCA against a governmental entity, such as a public hospital, must file a notice of claim with the chief executive officer of the governmental entity ninety days prior to maintaining an action. Miss.Code Ann. § 11-46-11(1) (Rev.2002). The MTCA also provides a one-year statute of limitations on all actions brought under its provisions which is tolled by a timely-filed notice of claim. Miss.Code Ann. § 11-46-11(3) (Rev.2002).
II. Whether there was a genuine issue of material fact that Dr. Gor-ton was an employee of a public hospital entitled to the protections of the MTCA.
¶ 11. It is undisputed that Greenwood Leflore Hospital is a public hospital *356 entitled to the protections of the MTCA. Therefore, its employees also have the explicit extension of the MTCA’s protection. Miss.Code Ann. § 11-46-7 (Rev.2002). Dr. Gorton argues that the documentation before the trial court established his status as an employee of Greenwood Leflore Hospital and it was not a genuine issue of material fact.
¶ 12. We agree that there was no genuine issue of material fact that Dr. Gorton was an employee of Greenwood Leflore Hospital on August 7-8, 2007, the dates relevant to this appeal.[1] To support Dr. Gorton’s assertion that he was employed by Greenwood Leflore Hospital at all relevant times, he provided: (1) an affidavit from Margaret Buchanan, the Director of Human Resources at Greenwood Leflore Hospital; (2) his own affidavit stating that his dates of employment were September 29, 1999, through October 31, 2007; (3) a copy of his original employment contract, effective September 29,1999; (4) a copy of an amendment to the employment contract that extended his employment contract from September 1, 2004, through August 31, 2009; (5) a copy of a mutual termination of the employment agreement providing that Dr. Gorton’s employment would terminate August 1, 2007; (6) a copy of an amendment to the mutual termination-of-employment agreement, providing that Dr. Gorton’s employment would terminate on November 1, 2007; and (7) a copy of a report of termination providing that Dr. Gorton’s last day of employment was October 31,2007.
¶ 13. In her affidavit, Buchanan stated that Greenwood Leflore Hospital is a community hospital owned by the City of Greenwood and Leflore County. Buchanan stated that Dr. Gorton was an employee of Greenwood Leflore Hospital during the time of the events set forth in Ranee’s complaint. Buchanan related that, while in medical school, Dr. Gorton had entered into an employment contract with Greenwood Leflore Hospital dated September 29, 1999, and, pursuant to that contract, Greenwood Leflore Hospital continuously had employed Dr. Gorton from September 1, 2004, through October 31, 2007. Buchanan stated that, according to the conditions of Dr. Gorton’s employment with Greenwood Leflore Hospital, he practiced in the Gorton Clinic and saw patients at HCMH.
¶ 14. In Dr. Gorton’s affidavit, he stated that he had been employed continuously by Greenwood Leflore Hospital from September 29, 1999, to October 31, 2007.[2] Dr. Gorton stated that the parties initially had agreed to terminate his employment effective August 1, 2007, but that before August 1, 2007, the parties had agreed to extend the employment contract to November 1, 2007. The reason for the delay was to “allow completion of documents to effect a change of ownership of the Gorton Clinic from Greenwood Leflore Hospital to Dr. *357 Mac Gorton and Dr. Sidney Carlton Gor-ton.”
¶ 15. The employment agreement between Greenwood Leflore Hospital and Dr. Gorton provided that it was for a five-year term from the date Dr. Gorton commenced his practice of medicine under the conditions specified. The contract provided that Dr. Gorton’s responsibilities as a full-time employee of Greenwood Leflore Hospital required him to serve as the physician for the Gorton Clinic and to become a member of HCMH’s active staff to provide oversight and care of the clinic’s and HCMH’s patients. Later, Greenwood Le-flore Hospital and Dr. Gorton executed an amendment to the employment agreement. This document established that Dr. Gor-ton’s employment dates were September 1, 2004, through August 31, 2009.
¶ 16. On April 16, 2007, Greenwood Le-flore Hospital and Dr. Gorton executed a mutual termination of the employment agreement. The termination agreement set the date of termination as August 1, 2007. However, the parties also executed an amendment to the termination of employment agreement dated “August _ 2007,” that extended Dr. Gorton’s date of termination to November 1, 2007. Dr. Gorton and a representative of Greenwood Leflore Hospital signed this amendment. A copy of a report of termination for Dr. Gorton noted the following dates: (1) a hire date of August 31, 2004, (2) a last date worked of October 31, 2007, and (3) a date of termination of October 31, 2007. The report also stated that the details of termination were “change ownership.”
¶ 17. Ranee offered no evidence to refute Dr. Gorton’s assertion that, on the relevant dates of August 7-8, 2007, he was an employee of Greenwood Leflore Hospital and subject to the protections of the MTCA. Before the trial court, Ranee took issue with the fact that the extension of the termination agreement did not specify the date in August 2007 that it was executed, and with the execution date of the amendment to the employment agreement. She claimed that, while Greenwood Leflore Hospital’s representative signed the amendment to the employment agreement on August 26, 2005, Dr. Gorton’s signature was dated August 24, 2009, a future date that had not occurred. In response to this allegation, Dr. Gorton stated in his affidavit that the date on the amendment “reads ‘August 24, 2005,’ not August 24, 2009.”
¶ 18. We find that the documents submitted by Dr. Gorton established that he was employed by Greenwood Leflore Hospital on the relevant dates of August 7-8, 2007. Ranee provided no specific facts that demonstrate a genuine issue of material fact that merits trial. Instead, Ranee provided mere unsubstantiated allegations. See Green, 954 So.2d at 1038. Therefore, the evidence before the trial court failed to create a genuine issue of material fact as to Dr. Gorton’s status as an employee of Greenwood Leflore Hospital, a government entity covered by the MTCA. We observe that Ranee had a legal duty to conduct a due-diligence inquiry into the true employment status of potential defendants. Ray v. Keith, 859 So.2d 995, 999 (Miss.2003).
III. Whether Ranee provided proper notice to Greenwood Leflore Hospital under the MTCA.
¶ 19. Having determined no genuine issue of material fact exists as to the applicability of the MTCA, we turn to Dr. Gorton’s argument that Ranee failed to provide pre-suit notice to Greenwood Leflore Hospital’s chief operating officer pursuant to the MTCA. See Miss.Code Ann. § 11 — 46—11(3) (Rev.2002).
*358 ¶ 20. Mississippi Code Section 11-46-11 states the notice requirements for filing a lawsuit under the MTCA. According to Section 11-46-11(1):
After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity. Service of notice of claim may also be had in the following manner: If the governmental entity is a county, then upon the chancery clerk of the county sued; if the governmental entity is a municipality, then upon the city clerk. If the governmental entity to be sued is a state entity as defined in Section 11 — 46—l(j), service of notice of claim shall be had only upon that entity’s chief executive officer. If the governmental entity is participating in a plan administered by the board pursuant to Section 11-46-7(3), such chief executive officer shall notify the board of any claims filed within five (5) days after the receipt thereof.
Miss.Code Ann. § 11-46-11(1) (Rev.2002) (emphasis added).
¶ 21. This Court strictly applies the ninety-day-notice requirement of Section 11-46-11(1). Univ. of Miss. Med. Ctr. v. Easterling, 928 So.2d 815, 820 (Miss.2006). “[T]he ninety-day notice requirement under section 11-46-11(1) is a ‘hard-edged, mandatory rule which the Court strictly enforces.’ ” Id. (quoting Ivy v. GMAC, 612 So.2d 1108, 1116 (Miss.1992)). See also Price v. Clark, 21 So.3d 509, 518-19 (Miss.2009) (“Strict compliance with statutory notice is required, regardless of why the plaintiff failed to provide notice.”) (quoting Easterling, 928 So.2d at 819-20); Brown v. Sw. Miss. Reg’l Med. Ctr., 989 So.2d 933, 936 (Miss.Ct.App.2008) (stating that “Easterling’s strict compliance standard is meant to apply equally to cases in which no notice is filed, notice is filed after the complaint, or the complaint is filed sooner than ninety days after filing notice”).
¶ 22. Ranee provided pre-suit notice to HCMH. When Ranee filed the suit, she separately served HMCH, Dr. Thomas, and Dr. Gorton. But because Dr. Gorton was employed by Greenwood Leflore Hospital, a covered entity, he was personally immune from suit, and could have been joined in a suit against his employer in a representative capacity only. Miss.Code Ann. § 11^46-7(2) (Rev.2002). Because Ranee did not serve notice on the chief executive officer of Greenwood Leflore Hospital ninety days prior to filing suit, Ranee failed to follow the pre-suit notice requirements of the MTCA.
¶ 23. Ranee attempts to circumvent this outcome by arguing that her notice to HCMH was constructive notice to Greenwood Leflore Hospital. Ranee argues that Greenwood Leflore Hospital’s employees worked at HCMH pursuant to a contractual relationship between the two hospitals. Ranee contends that, given the hospitals’ contractual relationship and the fact that she could not have known of Dr. Gorton’s actual employment status, her notice to the chief executive officer of HCMH should have been adequate notice to Greenwood Leflore Hospital. The record shows no evidence of a contract between the two hospitals. Although Ranee’s contention that there was a contract between the hospitals is unsupported by the record, obviating the need for analysis of her argument, we find it appropriate to note that *359 this Court strictly enforces the MTCA’s ninety-day notice requirement.
IY. Whether the statute of limitations has expired.
¶ 24. Dr. Gorton also avers that the statute of limitations had expired before Ranee filed the complaint. The MTCA prescribes a one-year statute of limitation. Miss. Code Ann. § 11-46-11(3) (Rev.2002). Specifically, the statute provides:
All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days from the date the chief executive officer of the state agency receives the notice of claim, or for one hundred twenty (120) days from the date the chief executive officer or other statutorily designated official of a municipality, county or other political subdivision receives the notice of claim, during which time no action may be maintained by the claimant unless the claimant has received a notice of denial of claim. After the tolling period has expired, the claimant shall then have an additional ninety (90) days to file any action against the governmental entity served with proper claim notice. However, should the governmental entity deny any such claim, then the additional ninety (90) days during which the claimant may file an action shall begin to run upon the claimant’s receipt of notice of denial of claim from the governmental entity.
Miss.Code Ann. § 11^16-11(3).
¶ 25. According to the allegations of the complaint, the tortious, wrongful, or otherwise actionable conduct that caused Jordan’s death occurred on August 7-8, 2007. Ranee filed suit on November 5, 2008, more than one year later. Although the statute provides for tolling during the notice period, because Ranee provided no notice to Dr. Gorton’s employer, Greenwood Leflore Hospital, the tolling provision is inapplicable in this case. Therefore, Ranee’s claim was barred by the applicable statute of limitations under the MTCA.
V. Whether there was constructive notice and whether the borrowed-servant doctrine applies.
¶ 26. Ranee argues that Dr. Gorton was the borrowed servant of HCMH, and thus her notice to HCMH was sufficient. The borrowed-servant doctrine is a common-law rule “that a servant, in general employment of one person, who is temporarily loaned to another person to do the latter’s work, becomes, for the time being, the servant of the borrower, although he remains in the general employment of the lender.” Jones v. James Reeves Contractors, Inc., 701 So.2d 774, 778 (Miss.1997) (quoting Quick Change Oil and Lube v. Rogers, 663 So.2d 585, 589 (Miss.1995)). Where the rule applies, “[t]he borrower then becomes the employer to the exclusion of the lender.” Id. This Court has identified three criteria for determining whether one is a borrowed servant: “(1) whose work is being performed, (2) who controls or has the right to control the workman as to the work being performed, and (3) has the workman voluntarily accepted the special employment.” Id. at 778-79.
¶ 27. Ranee argues that Dr. Gorton was the borrowed servant of HCMH because, at the time of the alleged negligence, he was working at HCMH pursuant to his employment contract with Greenwood Le- *360 flore Hospital, which provided that Dr. Gorton would be on the active medical staff of HCMH. Dr. Gorton argues that the borrowed-servant doctrine has not been recognized as an applicable theory under the MTCA, and that, even if the borrowed-servant doctrine were applicable to an MTCA claim, its elements were not met in this case.
¶ 28. This Court never has considered the borrowed-servant doctrine in the context of an MTCA claim. Assuming for the sake of argument that the borrowed-servant doctrine could be applied to an MTCA claim, it is plainly inapplicable to the facts presented by this case. The only evidence of the relationship between Dr. Gorton and HCMH was Dr. Gorton’s employment contract with Greenwood Leflore Hospital, requiring him to be on the active medical staff of HCMH. No evidence of any contract between Dr. Gorton and HCMH or between HCMH and Greenwood Leflore Hospital affecting Dr. Gorton’s employment is in the record. “Generally, staff privileges permit a doctor to use hospital facilities to practice his medical profession.” State By and Through Miss. Ethics Comm’n v. Aseme, 583 So.2d 955, 958 (Miss.1991) (quoting Engelstad v. Virginia Mun. Hosp., 718 F.2d 262, 267 (8th Cir.1983)). This Court has held that a physician’s appointment to the medical staff of a hospital and the grant of clinical privileges do not equate to an employment contract between the physician and the hospital. Sullivan v. Baptist Mem’l Hosp.-Golden Triangle, Inc., 722 So.2d 675 (Miss.1998) (citing Aseme, 583 So.2d at 958-60; Trapp v. Cayson, 471 So.2d 375, 384 (Miss.1985)). Notwithstanding the question of whether the borrowed-servant doctrine could apply to an MTCA claim, it is clear that Dr. Gorton’s position on the medical staff of HCMH did not implicate the borrowed-servant doctrine. Therefore, summary judgment was warranted as to Dr. Gorton.

CONCLUSION

¶ 29. We find that there was no genuine issue of material fact that Dr. Gorton was employed by Greenwood Leflore Hospital, a political subdivision of the State of Mississippi covered by the MTCA. Ranee did not comply with the pre-suit-notice requirements of the MTCA, and her claim against Dr. Gorton was barred by MTCA’s one-year statute of limitations. The borrowed-servant doctrine is inapplicable to Ranee’s claim against Dr. Gorton. Therefore, we reverse the denial of summary judgment by the Circuit Court of Hum-phreys County, and we render judgment in favor of Dr. Gorton.
¶ 30. REVERSED AND RENDERED.
WALLER, C.J., CARLSON, P.J., DICKINSON, RANDOLPH, LAMAR AND PIERCE, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES, P.J.

. In her brief, Ranee admits that Dr. Gorton was an employee of Greenwood Leflore Hospital. She states that "[ujnbeknownst to Ranee, Dr. Gorton was employed by Greenwood-Leflore Hospital (‘Greenwood Leflore Hospital’) and worked at HCMH under the auspices of a contract between HCMH and Greenwood Leflore Hospital.”

. The discrepancy in the start dates of Dr. Gorton’s employment provided by Buchanan and Dr. Gorton is immaterial to the discussion, because both agree that he was employed by Greenwood Leflore Hospital on August 7-8, 2007, the dates relevant to Ranee's claims. The September 29, 1999, contract stated that Dr. Gorton’s employment would be for a period of five years from the date Dr. Gorton moved to Belzoni, Mississippi, and commenced his practice of medicine as a full-time employee of Greenwood Leflore Hospital and member of the active medical staff of HCMH. It is evident from the amendment to the employment agreement that this five-year period began on September 1, 2004.