CARLTON, J„
 

 for the Court:
 

 ¶ 1. This appeal arises from a complaint filed by Bonnie Smith pursuant to the Mississippi Tort Claims Act
 
 [1]
 
 (MTCA) against Harrison County, Mississippi, alleging that she sustained emotional injuries while working as a nurse for a private contractor at the Harrison County Adult Detention Center (HCADC) as a direct and proximate result of the actions of the agents and employees of Harrison County. The Harrison County Circuit Court granted summary judgment in favor of Harrison County. Smith filed a motion for reconsideration, which was subsequently denied by the trial court. Aggrieved, Smith appeals, raising the following issues as error: whether the trial court erred when it granted summary judgment in favor of Harrison County and whether Harrison County breached its duty to provide her with a reasonably safe place to work causing her emotional injury. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. In 2006, medical services for inmates at the HCADC were provided through a contract with Health Assurance, LLC. Smith worked for Health Assurance, LLC as a nurse assigned to the HCADC. On February 4, 2006, while at work, Smith witnessed the employees of the sheriffs department beat Jesse Lee Williams, which ultimately led to his death.
 
 [2]
 
 On April 19, 2007, Smith filed a complaint against Harrison County, alleging that she suffered psychological/psychiatric injuries as a direct and proximate result of the actions of Harrison County.
 

 ¶ 3. Harrison County filed a motion for summary judgment, asserting that Smith was not entitled to relief because a cause of action based on bystander liability only exists when there is a close relationship between the plaintiff and the victim, and Smith and Williams lacked such relationship. In response, Smith argued that the trial court erred by granting summary judgment and asserted that while she was not entitled to recovery for bystander liability, she had presented a viable claim for negligence by the breach of the county’s duty to provide a reasonably safe work environment, which precluded summary judgment. The trial court granted summary judgment in favor of Harrison County. Smith then filed a motion for reconsideration. The trial court denied Smith’s motion, and she now appeals.
 

 STANDARD OF REVIEW
 

 ¶ 4. We review a trial court’s denial of a motion for reconsideration under Rule 59 or Rule 60 of the Mississippi Rules of Civil Procedure for an abuse of discretion.
 
 City of Jackson v. Internal Engine Parts Group, Inc.,
 
 903 So.2d 60, 66 (¶ 19) (Miss.2005); Stri
 
 ngfellow v. Stringfellow,
 
 451 So.2d 219, 221 (Miss.1984).
 

 
 *817
 
 ¶ 5. We employ a de novo standard of review when reviewing a trial court’s grant or denial of a motion for summary judgment.
 
 Gorton v. Rance,
 
 52 So.3d 351, 354 (¶ 6) (Miss.2011) (citing
 
 Stringer v. Trapp,
 
 30 So.3d 339, 341 (¶ 9) (Miss.2010)). It is proper to grant a summary judgment where “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.”
 
 Id.
 
 (quoting M.R.C.P. 56(c)). “If no genuine issue of material fact exists and the moving party is entitled to summary judgment as a matter of law, summary judgment should be entered in that party’s favor.”
 
 Id.
 
 (quoting
 
 Trapp,
 
 30 So.3d at 341 (¶ 9)). The burden falls on the moving party.
 
 Id.
 
 The trial court must view all the evidence in the light most favorable to the nonmoving party.
 
 Id.
 
 at 354-55 (¶ 6) (citing
 
 Vaughn v. Miss. Baptist Med. Ctr.,
 
 20 So.3d 645, 649-50 (¶ 11) (Miss.2009)).
 

 ¶ 6. “Once the absence of genuine material issues has been shown, the burden of rebuttal falls upon the non-moving party. To survive summary judgment, the non-moving party must produce specific facts showing that there is a genuine material issue for trial.”
 
 Id.
 
 at 355 (¶ 7) (quoting Wi
 
 lbourn v. Stennett, Wilkinson & Ward,
 
 687 So.2d 1205, 1213-14 (Miss.1996);
 
 see also
 
 M.R.C.P. 56(e)). “Therefore, to avoid summary judgment, the non-movant must set forth specific facts that demonstrate a genuine issue of a material fact that merits trial instead of mere unsubstantiated allegations.”
 
 Id.
 
 (quoting
 
 Green v. Allendale Planting Co.,
 
 954 So.2d 1032, 1038 (¶ 13) (Miss.2007)). “However, summary judgment is mandated where the respondent has failed ‘to make a showing sufficient to establish the existence of an element essential to that party’s case, and on which that party will bear the burden of proof at trial.’ ”
 
 Id.
 
 (quoting
 
 Dearman v. Christian,
 
 967 So.2d 636, 639 (¶ 12) (Miss.2007)).
 

 DISCUSSION
 

 ¶ 7. Smith argues that the trial court erred in granting summary judgment in favor of Harrison County. Smith asserts that a genuine issue of material fact existed as to whether she presented a viable claim of negligence against Harrison County since the injuries suffered by her were not intimately connected with the work she was contracted to perform, and she lacked knowledge of the subject dangers. Smith claims that: Harrison County owed a duty to her, as an independent contractor, to provide her with a reasonably safe work environment, and it breached this duty by beating Williams in her presence, causing her psychological and emotional injuries for which she sought medical treatment and incurred medical bills and loss wages.
 
 [3]
 
 Smith further contends that the Harrison County Sheriff, George Payne Jr., was aware of the history of violence at HCADC and failed to develop and implement policies and procedures to eliminate the use of excessive force by its agents and employees.
 

 ¶ 8. In response, Harrison County argues that the trial court properly granted summary judgment, as this is a case of bystander liability for which Smith is not entitled to recover because she lacked a close relationship with Williams, the victim. Harrison County also asserts that
 
 *818
 
 Smith failed to present a viable claim of negligence since Harrison County did not owe her a duty as it pertained to her viewing of a traumatic incident at work.
 

 1. Bystander Liability
 

 ¶ 9. The record shows that the trial court considered Smith’s negligence claims, but ultimately, the court decided that Smith’s claim was one claiming bystander liability. The trial court then determined that Smith was not entitled to recover under the prevailing standard of liability for bystander recovery. We agree.
 

 ¶ 10. The Mississippi Supreme Court has set the standard for determining whether a defendant owes a duty of care to a bystander plaintiff:
 

 In determining, whether [the] defendant should reasonably foresee the injury to [the] plaintiff, or, whether [the] defendant owes [the] plaintiff a duty of care, the courts will take into account such factors as the following: (1) Whether [the] plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it. (2) Whether the shock resulted from a direct emotional impact upon [the] plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence. (3) Whether [the] plaintiff and [the] victim were closely related, as contrasted with an absence of any relationship or the presence of only a distance relationship.
 

 [Entex, Inc. v. McGuire,
 
 414 So.2d 437, 444 (Miss.1982)] (quoting
 
 Dillon v. Legg,
 
 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912, 920 (1968)) (emphasis added). In
 
 O’Cain,
 
 603 So.2d 824 (Miss.1991), this Court held that, in
 
 Entex,
 
 the “Court set out the criteria which one must meet on a claim of emotional trauma by a bystander[.]”
 
 Id.
 
 at 829.
 

 Satchfield v. R.R. Morrison & Son, Inc.,
 
 872 So.2d 661, 664 (¶ 7) (Miss.2004).
 

 ¶ 11. In the present case, Smith’s claim fails the third prong of the bystander-liability test as stated above. The record shows that Smith had no relationship whatsoever with Williams prior to her witnessing the assault. Because Smith has failed to create a genuine issue of material fact on the essential elements of bystander liability, we find that the trial court properly granted summary judgment in favor of Harrison County. This issue lacks merit.
 

 2. Negligence
 

 ¶ 12. The record shows that after determining that Smith failed to set forth facts or statements of law to remove her case from one of bystander liability, the trial court briefly considered Smith’s negligence claim and determined that Smith also failed to establish a breach of any duty owed by Harrison County to her. The trial court stated the following:
 

 Smith provides no proof of fact or statement of law that removes her case from one of bystander recovery. Whatever intent or malice was exhibited the night [Williams] was beaten, it was not directed at Smith[,] and she has failed to articulate any breach of a duty owed to her by Harrison County. Smith’s reliance on
 
 O’Cain,
 
 603 So.2d at 824 is misplaced. In
 
 O’Cain,
 
 the plaintiffs apartment was burglarized!,] and her roommate raped. The Mississippi Supreme Court affirmed the trial court’s ruling that there was no bystander recovery for O’Cain, but reversed the case for further proceedings on the question of negligence. O’Cain’s landlord had a duty to warn of latent defects!,] and the [c]ourt held there was a dispute of material fact regarding the landlord’s notice,
 
 *819
 
 or not, of a latent defect (questionable locks on the doors) in the apartment. Additionally^] the question of whether the criminal act of burglarizing plaintiffs apartment was an intervening cause which would relieve the landlord of any liability was left open for the trier of fact. O’Cain established a duty owed to her and created a genuine issue of material fact as to a breach of that duty. Smith has not.
 

 In order to recover on a negligence claim[,] Smith had to establish the existence of a legal duty, breach of that duty, proximate causation, and damages.
 
 See i. e.,
 
 [,]
 
 Brown v. Harrah’s Entertainment, Inc.,
 
 14 So.3d 827, 829 (Miss.Ct.App.2009). Smith has failed to establish a breach of any duty owed her by the County.
 

 ¶ 13. In asserting her claim of negligence under the MTCA, to overcome summary judgment, Smith must first show a genuine issue of material fact regarding each of the four elements of negligence, which are: “[a] duty, or obligation ... [,][a] breach of the duty ... [,][a] reasonably close causal connection between the conduct and the resulting injury[,][and][a]ctual loss or damage.”
 
 Sellars ex rel. Dill v. Walgreen Co.,
 
 971 So.2d 1278, 1279 (¶ 5) (Miss.Ct.App.2008) (citing
 
 Weathersby Chevrolet Co. v. Redd Pest Control Co.,
 
 778 So.2d 130, 133 (¶ 8) (Miss.2001)). The record reflects that while at work, Smith witnessed some individual HCADC employees beating Williams, an inmate. No evidence exists in the record, however, showing that the Harrison County Board of Supervisors failed to provide Smith with a safe work environment or were aware of any potential unsafe conditions, or that Sheriff Payne was aware of HCADC’s alleged history of violence as asserted by Smith. Additionally, the record lacks evidence showing Sheriff Payne failed to implement policies to eliminate any use of excessive force by agents and employees under his supervision. Therefore, as noted by the trial court, Smith failed to set forth facts showing that Harrison County owed her a duty; moreover, she failed to show that Harrison County breached a duty owed to her with respect to her workplace.
 
 [4]
 
 In the absence of any issue of material fact regarding the duty owed by Harrison County, or the breach of that duty, we must find that summary judgment was properly granted.
 
 See Gorton,
 
 52 So.3d at 354 (¶ 6). This issue is without merit.
 

 ¶ 14. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. RUSSELL, J„ NOT PARTICIPATING.
 

 [1]
 

 . Miss.Code Ann. § 11-46-1 to -23 (Supp. 2010).
 

 [2]
 

 . Smith was not related to Williams, nor did she know him personally prior to the day that she witnessed the beating.
 

 [3]
 

 . Smith relies on
 
 Miss. Chemical Corp. v. Rogers,
 
 368 So.2d 220 (Miss.1979) and
 
 O'Cain v. Harvey Freeman and Sons, Inc. of Miss.,
 
 603 So.2d 824 (Miss.1991), to support her contention that Harrison County owed a duty to provide her with a reasonably safe work environment.
 

 [4]
 

 .
 
 See
 
 M.R.C.P. 56(c).
 
 See also Bedford Health Properties, LLC v. Estate of Williams ex rel. Hawthorne,
 
 946 So.2d 335, 341 (¶ 11) (Miss.2006) (“To avoid summary judgment, the non-moving party must establish a genuine issue of material fact within the means allowable under the Rule. If any triable issues of fact exist, the lower court’s decision to grant summary judgment will be reversed. Otherwise the decision is affirmed.”) (citations omitted). A review of the record shows that Smith did not create a genuine issue of material fact precluding summary judgment; she failed to respond with proof to Harrison County’s well-supported motion.
 
 See Stuckey v. The Provident Bank,
 
 912 So.2d 859, 864 (¶ 8) (Miss.2005) (finding an adverse party may not rest upon the mere allegations in his pleadings, but must set forth specific facts).