# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2011

No. 10-31206
Summary Calendar

Lyle W. Cayce
Clerk

JOHN D. POWELL,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-1873

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant John D. Powell ("Powell") appeals from the district court's order of summary judgment in favor of Defendant-Appellee United States of America ("Government"). Powell sued the Government for negligence under the Federal Tort Claims Act, 28 U.S.C. § 1346. We AFFIRM the district court.

Powell visited the Veterans Administration Medical Center ("VA") in Jackson, Mississippi, on March 21, 2006. An altercation arose after Powell

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-31206

refused to remove items from his pockets at the security checkpoint.  A security guard struck Powell's arm and knocked away Powell's finger, which was pointed at the guard.  The squabble ended moments later without further incident. Powell sued the Government for negligence for its employee's actions and alleged damages based on mental anguish and pain, medical expenses, and physical pain and suffering.  The district court found a complete absence of evidence to support a finding of damages and granted summary judgment in favor of the Government.

We review a summary judgment order de novo, applying the same standard as the district court. *United States v. Lawrence*, 276 F.3d 193, 195 (5th Cir. 2001).  "Summary judgment is proper when no issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Questions of fact are reviewed in the light most favorable to the nonmovant and questions of law are reviewed de novo." *Deas v. River West, L.P.*, 152 F.3d 471, 475 (5th Cir. 1998).  Here, Mississippi tort law applies to Powell's claim. *See* 28 U.S.C. § 1346(b)(1).

The Government argued that Powell cannot satisfy his burden of proof regarding damages for his claim of negligence.  To overcome the Government's summary judgment motion, Powell had to show a genuine issue of fact as to the element of damages. *See Carpenter v. Nobile*, 620 So. 2d 961, 964 (Miss. 1993); *Sellars ex rel. Dill v. Walgreen Co.*, 971 So. 2d 1278, 1279 (Miss. Ct. App. 2008). Nothing in the record supports Powell's allegations of injury.  In response to the Government's Motion, Powell did not set out any specific facts to show a genuine issue of fact existed regarding his alleged injury.  In fact, Powell has failed to supply any evidence that shows he suffered an injury from the brief squabble. Accordingly, the district court did not err by granting summary judgment in favor of the Government because no genuine issue existed over whether Powell

No. 10-31206

could satisfy his burden of proof regarding damages. *See Carpenter*, 620 So. 2d at 964.

We AFFIRM the district court's summary judgment order in favor of the Government.