# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-CT-00258-SCT

*TERRY H. LOGAN, SR. AND BEVERLY W.*
*LOGAN*

*v.*

*MISSISSIPPI DEPARTMENT OF*
*TRANSPORTATION AND MISSISSIPPI*
*TRANSPORTATION COMMISSION*

## ON WRIT OF CERTIORARI

DATE OF JUDGMENT:                    09/19/2012
TRIAL JUDGE:                         HON. JAMES McCLURE, III
TRIAL COURT ATTORNEYS:               CHARLES J. SWAYZE, III
                                     ROBERT J. DAMBRINO, II
COURT FROM WHICH APPEALED:           TALLAHATCHIE COUNTY CIRCUIT
                                     COURT
ATTORNEYS FOR APPELLANTS:            CHARLES JONES SWAYZE, III
                                     CHARLES J. SWAYZE, JR.
ATTORNEY FOR APPELLEES:              ROBERT J. DAMBRINO, III
NATURE OF THE CASE:                  CIVIL - PERSONAL INJURY
DISPOSITION:                         AFFIRMED IN PART, REVERSED IN PART,
                                     AND REMANDED - 09/10/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1.     This certiorari appeal arises from a negligence suit filed by Terry and Beverly Logan

against the Mississippi Department of Transportation (MDOT) and the Mississippi

Transportation Commission (MTC). The suit arose out of a single-car accident that allegedly

occurred due to an improperly performed bridge repair. The Court of Appeals affirmed in

part and reversed in part and remanded the trial court's grant of summary judgment to the defendants under the Mississippi Tort Claims Act (MTCA). We granted certiorari review. Our opinion today corrects the Court of Appeals' treatment of an affidavit that contained an alleged admission of a party opponent under Mississippi Rule of Evidence 801(d)(2).

## FACTS AND PROCEEDINGS BELOW

¶2.     On March 12, 2011, the Logans were traveling south on Highway 49 in Tallahatchie County when they drove over a bridge that recently had undergone repairs. Both lanes were open, and no warning signs were present indicating ongoing repairs or a dangerous condition. Two protruding crisscrossed metal plates caught the undercarriage of their car, causing the car to spin out of control and to come to rest facing south in the northbound lane. The Logans' daughter-in-law, Mauri Logan, arrived at the scene shortly after the accident occurred. The Logans suffered injuries and were transported to a local hospital by ambulance. According to Mauri Logan, she spoke to two MDOT employees at the scene who both informed her that MDOT had received a phone call earlier in the day informing them about bent metal plates on the bridge. She stated that the MDOT employees had advised her to take pictures of both the bent plates and another set of plates on the bridge that were not dislodged. She took photographs, which are part of the record on appeal.

¶3.     According to MDOT, flat metal plates routinely are bolted to bridge decks during structural repairs temporarily to cover fresh concrete while the concrete cures, with the bolt head and steel plate not extending more than two inches above the bridge deck. The Logans allege that these particular metal plates were not properly attached to the bridge, had bent

2

upward and were projecting dangerously above the road surface. The deposition testimony of a bridge crew superintendent for MTC indicated that the steel plates should not be positioned in a cross shape and that the smaller plate was to be placed on top of the larger plate. The photos taken by Mauri Logan indicate that, for the plates the Logans ran over, the larger plate was placed on top of (and hung slightly over) the smaller plate, and the plates were in a cross shape. The Logans filed suit against MDOT and MTC, asserting negligent bridge repairs and failure to warn of a dangerous condition.

¶4.    The defendants moved for summary judgment, asserting immunity under multiple provisions of the Mississippi Tort Claims Act. In light of the defendants' motion for summary judgment, the Logans submitted an affidavit from Mauri Logan, whom they intended to use as a key witness at trial. Her affidavit asserted in part:

> I saw two employees of Mississippi Department of Transportation at the scene. I spoke with one of those gentlemen . . . told me that MDOT had received a phone call earlier in the day of March 12, 2011, regarding the dangerous metal plates sticking up on the bridge. . . . The MDOT employee advised me to take photographs of the dangerous metal plates. I did. He also recommended that I take pictures of metal plates that were on the bridge but not dislodged. I did. I took the photos attached to this Affidavit as cumulative Exhibit "A" on March 12, 2011. . . . The second employee from MDOT confirmed that MDOT received a telephone call early in the day regarding the dangerous metal plates on the highway.

¶5.    The trial court granted summary judgment to the defendants, finding that the maintenance of the bridge is a discretionary function under Mississippi Code Section 11-46-9(1)(d) and that the defendants therefore were entitled to immunity. Regarding the Logans' failure-to-warn claim, the court stated that "there is no basis in fact to infer that either MDOT or MTC knew or should have known that the repair itself was dangerous, or that they knew

3

or should have know that some instrumentality had damaged the bridge repair and thereby created a dangerous condition." The court found it unnecessary to perform a detailed immunity analysis as to the failure-to-warn claim and stated that, even if the bridge repair "presented a dangerous condition, known by these defendants, against which they did not warn the public, nevertheless [the defendants] are completely immune by virtue of Mississippi Code Annotated [section] 11-46-9(1)(d)," referring to a finding of immunity for the alleged negligent bridge repair.

¶6.     The Court of Appeals reversed the trial court's grant of summary judgment on the failure-to-maintain claim, finding that road maintenance is a ministerial function and does not provide the defendants governmental discretionary function immunity under Section 11-46-9(1)(d). ***Terry H. Logan, Sr. and Beverly W. Logan v. Miss. Dep't of Transp. and Miss. Transp. Comm'n***, No. 2013-CA-00258, 2014 WL 4413437 (Miss. Ct. App. Sept. 9, 2014). The Court of Appeals pointed to this Court's evolving approach to the question in ***Mississippi Transportation Commission v. Montgomery***, 80 So. 3d 789 (Miss. 2012), and ***Little v. Mississippi Department of Transportation***, 129 So. 3d 132 (Miss. 2014). ***Id***. at *3.

¶7.     However, the Court of Appeals affirmed the grant of summary judgment to the defendants on the failure-to-warn claim. It found that "a detailed discussion concerning the [defendants'] immunity . . . is unnecessary since there is no triable issue of fact presented as to whether the [defendants] had notice of the 'dangerous condition,' and there is nothing to support the Logans' claim on the failure to warn." ***Logan v. Miss. Dep't of Transp.***, 2014 WL 4413437, at *7. Opining that Mauri Logan's affidavit is inadmissible to create an issue

4

of fact, the opinion states that "there is nothing to demonstrate that the workers, who allegedly spoke to Mauri [Logan], were authorized to make the statement concerning a matter within the scope of their employment with MDOT." *Id*. at \*6.

¶8.    Both parties filed petitions for certiorari review. The defendants petitioned the Court of Appeals' reversal of summary judgment on the failure-to-maintain claim, and the Logans petitioned the Court of Appeals' affirmation of summary judgment as to their failure-to-warn claim. We denied the defendants' petition and granted the Logans' petition regarding failure to warn.

## DISCUSSION

¶9.    We review grants of summary judgment *de novo*. ***Miss. Transp. Comm'n v. Montgomery***, 80 So. 3d 789, 794 (Miss. 2012). Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." M.R.C.P. 56(c). To survive summary judgment, the nonmoving party must produce specific facts showing that there is a genuine material issue for trial. ***Gorton v. Rance***, 52 So. 3d 351, 354 (Miss. 2011). Mississippi Rule of Civil Procedure 56(c) permits the party adverse to summary judgment to serve opposing affidavits prior to the summary judgment hearing. Rule 56(e) requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein." M.R.C.P. 56(e).

5

**WHETHER THE COURT OF APPEALS ERRED IN TREATING MAURI LOGAN'S AFFIDAVIT AS INADMISSIBLE.**

¶10. The Logans argue that the Court of Appeals erred in finding that they had not produced specific facts creating a genuine material fact for trial. They argue that Mauri Logan's affidavit testimony demonstrates the defendants' alleged knowledge of the dangerous condition. We agree with the Logans that the Court of Appeals erred by treating Mauri Logan's affidavit as inadmissible hearsay. Mississippi Rule of Evidence 801(d)(2)(D) provides that a statement is not hearsay if the statement is offered against a party and is "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship . . . . " The Logans correctly point out that Rule 801(d)(2) does not require the employees of the defendant to be authorized to make the alleged statements for them to be admissible. We already have addressed a similar scenario regarding party statements in *Jones et al. v. Fluor Daniels Servs. Corp.*, 959 So. 2d 1044 (Miss. 2007). In *Jones*, the plaintiff's work supervisor directed numerous racial slurs at the plaintiffs. *Id*. at 1045. The plaintiffs testified that the supervisor said that "someone" in Fluor Daniels' main office had told him to make racial comments towards the plaintiffs. *Id*. This Court rejected Fluor Daniels' argument that there was no admissible evidence of vicarious liability against it for the racial comments made by the supervisor, saying:

> However, the plaintiffs claim that, immediately after making the comment, [the supervisor] said that someone in the main office had told him to make the statement. Fluor Daniel argues that [the supervisor's] statement is hearsay and would not be admissible at trial. However, we find that [the supervisor's] statement would be admissible under M.R.E. 801(d)(2)(D) as an admission by

6

a party opponent. Therefore, viewing this evidence in the light most favorable to the plaintiffs, as we must, we find evidence sufficient to defeat a motion for summary judgment.

*Id*. at 1049.

¶11.    Here, similar to *Jones*, and viewing the evidence in the light most favorable to the Logans, the MDOT employees' alleged statements to Mauri Logan are admissible under Rule 801(d)(2)(D) as an admission by a party opponent. The Court of Appeals erroneously treated Mauri Logan's affidavit as inadmissible when finding that the plaintiffs failed to demonstrate the existence of a genuine dispute of material fact.[1]

¶12.    Aside from finding that "there is no basis in fact to infer that either MDOT or MTC knew or should have known that . . . some instrumentality had damaged the bridge repair and thereby created a dangerous condition," the trial court did not proceed to perform a detailed immunity analysis of the Logan's failure-to-warn claim.[2] We find that the appropriate disposition is to remand the case for the trial court to perform a detailed summary-judgment analysis consistent with this Court's precedent. *See Brantley v. Horn Lake*, 152 So. 3d 1106 (Miss. 2014).

---

[1] We note that the trial court treated the affidavit as admissible for summary judgment purposes and is entitled to deference on such evidentiary determinations. *Indem. Ins. Co. of N. Am. v. Guidant Ins.*, 99 So. 3d 142, 155 (Miss. 2012). A review of the transcript of the summary judgment hearing shows the trial court declined the defendant's *ore tenus* motion to strike the affidavit and proceeded to operate explicitly under the assumption that the two men in Mauri's statements were employees acting in the scope of their duty, thus satisfying Mississippi Rule of Evidence 801(d)(2).

[2] The court found such analysis unnecessary due to its finding (subsequently reversed by the Court of Appeals) that the defendants were entitled to immunity for alleged negligent bridge repairs.

## CONCLUSION

¶13.    The trial court and Court of Appeals erred in concluding that no disputed fact exists regarding the Logan's failure-to-warn claim. We reverse the judgment and remand the case for the trial court to perform a more detailed summary-judgment immunity analysis of the Logan's failure-to-warn claim consistent with this opinion.

¶14.    **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, PIERCE, KING AND COLEMAN, JJ., CONCUR. RANDOLPH, P.J., NOT PARTICIPATING.**