## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 2011-CT-00693-SCT

*FLOYD K. LITTLE, ESTATE OF ROGER D.*
*PIERCE AND KELLY SYKES*

*v.*

*MISSISSIPPI DEPARTMENT OF*
*TRANSPORTATION*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 10/13/2009 |
| TRIAL JUDGE: | HON. DALE HARKEY |
| COURT FROM WHICH APPEALED: | GEORGE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | A. MALCOLM N. MURPHY |
| | MARK ANTHONY MAPLES |
| ATTORNEY FOR APPELLEE: | TRACE D. McRANEY |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND REMANDED - 10/17/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     Three motorists sued the Mississippi Department of Transportation (the Department) after their vehicles collided with a pine tree that had fallen across the highway. The Department filed a motion to dismiss asserting immunity under the Mississippi Tort Claims Act (MTCA), and the trial court granted the motion. The Court of Appeals affirmed. The motorists filed a petition for writ of certiorari with this Court. Finding that the Department's motion to dismiss should not have been granted, we reverse and remand.

**Facts and Procedural History**

¶2. On the evening of November 26, 2004, Floyd Little, Roger Pierce, and Kelly Sykes were operating separate vehicles on Highway 26 in George County. Unbeknownst to them, a large pine tree had fallen across the highway. Little was traveling east on Highway 26, and he collided with the tree first. Pierce was coming from the opposite direction and ran into the other side of the tree. Sykes then collided with the rear of Pierce's vehicle. All three incurred property damage; Little and Pierce sustained personal injuries. Little, Pierce, and Sykes (collectively "Little") filed a complaint against the Department. Little alleged that the Department was negligent in the following respects: (1) failing to adequately maintain, repair, and inspect the highway; (2) failing to remove dead or dangerous trees near the road; and (3) failing to properly patrol, find, and remove the leaning tree before it fell.

¶3. After the case sat dormant for two and half years, the Department filed a motion to dismiss for failure to state a claim or, alternatively, for failure to prosecute. The Department asserted that it was immune from liability under the discretionary function provision of the MTCA. That motion was denied, as was the Department's renewed motion to dismiss. The Department asserted a second renewed motion to dismiss after a relevant case was handed down by the Court of Appeals. At that point, the circuit court concluded that the Department was entitled to discretionary-function immunity and granted the motion to dismiss. Little appealed, and the Court of Appeals affirmed. *Little v. Miss. Dep't of Transp.*, 2011-SA-00693-COA, 2012 WL 4785205 (Miss. Ct. App. Oct. 9, 2012). Little filed a petition for writ of certiorari, which we granted.

**Discussion**

¶4. Little asserts that the circuit court erred in granting the Department's motion to dismiss, and he presents three issues in his petition for writ of certiorari. First, Little asserts that the Court of Appeals erred in applying the immunity provisions of the MTCA. Second, he maintains that there is a distinction between "right-of-way maintenance" and "road maintenance," and that the Court of Appeals erred in confusing the two. Finally, Little asks this Court to determine whether right-of-way maintenance is a discretionary function. The issues have been reorganized for the purposes of discussion.

¶5. The application of the MTCA is a question of a law that is reviewed *de novo*. ***Fairley v. George County***, 871 So. 2d 713, 716 (¶ 7) (Miss. 2004). Further, a trial court's grant or denial of a motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6) also raises a question of law that is reviewed *de novo*. ***Little v. Miss. Dep't of Human Servs.***, 835 So. 2d 9, 10-11 (¶ 5) (Miss. 2002) (internal citations omitted). A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of the complaint." ***Id.*** at 11 (¶ 6). "[I]n order to grant a Rule 12(b)(6) motion to dismiss, there must appear to a certainty that the plaintiff is entitled to no relief under any set of facts that could be proved in support of the claim." ***Id.***

## I. Whether there is a distinction between "right-of-way maintenance" and "road maintenance."

¶6. Little alleged that the Department failed to adequately patrol, maintain, repair, and inspect the highway, in violation of Mississippi Code Section 65-1-65, which provides:

> It shall be the duty of the state highway commission to have the state highway department maintain all highways which have been or which may be hereafter taken over by the state highway department for maintenance in such a way as to afford convenient, comfortable, and economic use thereof by the public at all times. To this end it shall be the duty of the director, subject to the rules, regulations and orders of the commission as spread on its minutes, to organize

3

> an adequate and continuous patrol for the maintenance, repair, and inspection of all of the state-maintained state highway system, so that said highways may be kept under proper maintenance and repair at all times.

Miss. Code Ann. § 65-1-65 (Rev. 2012).[1] Little claims that the Court of Appeals erroneously applied principles pertaining to "road maintenance" to the question at issue, which is one of "right-of-way maintenance." He maintains that there is a distinction between the two categories and that this is an issue of first impression.

¶7. Mississippi Code Section 65-1-1 provides that in Title 65, Chapter 1, the words "highway" and "road" include rights-of-way. Miss. Code Ann. § 65-1-1(h) (Rev. 2012). In light of the definition provided in Section 65-1-1, the Department's duty to maintain and repair highways, set forth in Section 65-1-65, includes both road maintenance and right-of-way maintenance. Miss. Code Ann. §§ 65-1-1, 65-1-65 (Rev. 2012). *See also* ***Hattiesburg Realty Co. v. Miss. State Highway Comm'n***, 406 So. 2d 329, 334 (Miss. 1981) ("the term 'highway' includes not only the roadway itself but also the entire right-of-way as well") (citing Miss. Code Ann. § 65-1-1 (1972)). The issue is without merit.

## II. Whether right-of-way maintenance is a discretionary function for which immunity is afforded under the MTCA.

¶8. The MTCA provides the exclusive remedy for civil claims against governmental entities and employees. Miss. Code Ann. § 11-46-7 (Rev. 2012). Under the MTCA, a government entity and its employees are immune from liability for claims arising from "the exercise or performance or the failure to exercise or perform a discretionary function or

---

[1] Little also asserted a claim under Section 65-7-9 for failure to remove dead or dangerous trees near a public road, but that claim is inapplicable because that section applies to boards of supervisors. Miss. Code Ann. § 65-7-9 (Rev. 2012).

duty[.]" Miss. Code Ann. § 11-46-9(1)(d) (Rev. 2012). The language of Section 11-46-9(1)(d) requires us to look at the *function* performed – not the *acts* that are committed in furtherance of that function – to determine whether immunity exists. *Id. See also **Miss. Transp. Comm'n v. Montgomery***, 80 So. 3d 789, 798 (¶ 32) (Miss. 2012); ***Pratt v. Gulfport-Biloxi Reg'l Airport Auth.***, 97 So. 3d 68, 72 (¶ 10) (Miss. 2012). If the function is ministerial, rather than discretionary, there is no immunity for the acts performed in furtherance of the function. A ministerial function is one that is "positively imposed by law." ***Pratt***, 97 So. 3d at 72 (¶ 9). The function at issue here is right-of-way maintenance, which is a ministerial function required by law. The decision of whether to cut down a tree is not a function, but rather an act performed in furtherance of the ministerial function of maintaining highway rights-of-way.

¶9.    In the instant case, the Court of Appeals held that right-of-way maintenance was a discretionary function, thus, the Department was immune from liability. ***Little***, 2012 WL 4785205, at *3 (¶ 15). The Court of Appeals's holding is in direct conflict with language this Court used recently in ***Mississippi Transportation Commission v. Montgomery***, 80 So. 3d 789 (Miss. 2012). In that case, the issue was whether the maintenance of traffic control devices was a discretionary function for the Mississippi Transportation Commission (the Commission). ***Montgomery***, 80 So. 3d at 798 (¶¶ 31-33) (discussing Miss. Code Ann. § 63-3-305 (Rev. 2004)). We wrote:

> Ordinarily, where a statute mandates the government or its employees to act, all acts fulfilling that duty are considered mandated as well, and neither the government nor its employees enjoys immunity. Occasionally, however, the Legislature will mandate that a political subdivision fulfill some particular function, but then specifically set forth that some portion or aspect of that

5

function is discretionary. When that happens, acts fulfilling the discretionary portion of the governmental function enjoy immunity.

Here, Section 65-1-65 imposes a statutory duty on the highway department to maintain all state highways. *See* Miss. Code Ann. § 65-1-65 (Rev. 2005). Were this the only statutory provision at issue, we would find that the Commission is not immune for the acts carrying out that function. The Legislature, however, carved out a portion of the function mandated by that statute, and made it discretionary. Section 63-3-305 gives local authorities discretion in placing and maintaining traffic devices "as they may deem necessary to indicate and [to] carry out the provisions of this chapter . . . ." Miss. Code Ann. § 63-3-305 (Rev. 2004). Although the Commission's duty to maintain highways is not discretionary, the placing of warning signs is, because the Legislature has provided specific language in the statute extending discretion to those acts. Otherwise, the Commission would not enjoy immunity.

*Montgomery*, 80 So. 3d at 798 (¶¶ 31-32). According to *Montgomery*, there is no immunity for maintenance of state highways unless a statute carves out a particular exception for a certain activity, such as traffic control devices. *Id.* Addressing *Montgomery* in the instant case, the Court of Appeals wrote:

Our [S]upreme [C]ourt has long held that road maintenance and repair are discretionary, rather than ministerial functions. *See, e.g., **Mohundro v. Alcorn Cnty.***, 675 So. 2d 848, 854 (Miss. 1996); ***Coplin v. Francis***, 631 So. 2d 752, 754-55 (Miss. 1994); ***State ex rel. Brazeale v. Lewis***, 498 So. 2d 321, 323 (Miss. 1986). However, in *Montgomery*, the [C]ourt . . . seemed to deviate from its long-standing and bright-line rule that road maintenance and repair implicate a discretionary function . . . .

Here, unlike in *Montgomery*, no additional statute is involved. Nevertheless, we note that the [C]ourt in *Montgomery* did not expressly overrule its prior decisions holding that road maintenance and repair are discretionary functions. We further note that in ***Mohundro***, ***Coplin***, and ***Lewis***, there is no discussion of any statute carving out a portion of the mandated function and making it discretionary, as is the case in *Montgomery*.

In *Lewis*, the [C]ourt held that a clearly ministerial duty may require the exercise of discretion in the discharge of the otherwise ministerial function. *Lewis*, 498 So. 2d at 323. In such a case, the government actor would be immune from suit for injuries arising out of the exercise of his discretion in the

6

discharge of what is otherwise a ministerial function. Therefore, we are constrained to hold that our [S]upreme [C]ourt did not intend to change existing law regarding its earlier holdings that road maintenance and repair are discretionary functions.

*Little*, 2012 WL 4785205, at \*\*2-3 (¶¶ 11-12). The Court of Appeals was correct that *Montgomery* indicated a change in the law, and such was the Court's intention. However, because we did not overrule prior, contrary cases in *Montgomery*, confusion on the part of the lower courts is understandable. To the extent that *Montgomery* failed to overrule conflicting cases, we do so today.

¶10.    Previously, we have said that, while a certain act may be mandated by statute, *how* that act is performed can be a matter of discretion. *See, e.g., McQueen v. Williams*, 587 So. 2d 918, 922 (Miss. 1991) (although sheriff had a statutory duty to keep prisoners in jail, "personal deliberation, decision, and judgment" were involved in performing that duty, therefore, it was "discretionary in nature"); *Brazeale v. Lewis*, 498 So. 2d 321, 323 (Miss. 1986) (even if board of supervisors had ministerial duty to maintain the roads, "making the determination as to which roads should be the better maintained under such conditions would be a discretionary matter"). It is the *function* of a governmental entity – not the *acts* performed in order to achieve that function – to which immunity does or does not ascribe under the MTCA. Today we make it clear that, pursuant to *Montgomery*, the line of cases holding otherwise is overruled. We hold that, "where a statute mandates the government or its employees to act, all acts fulfilling that duty are considered mandated as well, and neither the government nor its employees enjoys immunity." *Montgomery*, 80 So. 3d at 798 (¶ 31).

7

¶11. Because Section 65-1-65 requires the Department to maintain and repair state highways, that duty – and all acts in furtherance of that duty – are ministerial unless, as in *Montgomery*, another statute makes a particular act discretionary. Today, we overrule the line of cases holding otherwise. *See **Miss. Dep't of Transp. v. Cargile***, 847 So. 2d 258, 269 (¶ 44) (Miss. 2003), *overruled on other grounds*; ***Brewer v. Burdette***, 768 So. 2d 920, 923 (¶ 17) (Miss. 2000), *overruled on other grounds*; ***Mohundro v. Alcorn County***, 675 So. 2d 848, 854 (Miss. 1996); ***Coplin v. Francis***, 631 So. 2d 752, 754-55 (Miss. 1994); ***State ex rel. Brazeale v. Lewis***, 498 So. 2d 321, 323 (Miss. 1986). *See also **McFarland v. Miss. Dep't of Transp.***, 81 So. 3d 1209, 1212 (¶ 7) (Miss. Ct. App. 2012); ***Farris v. Miss. Transp. Comm'n***, 63 So. 3d 1241, 1244 (¶ 13) (Miss. Ct. App. 2011); ***Lee v. Miss. Dep't of Transp.***, 37 So. 3d 73, 81 (¶ 22) (Miss. Ct. App. 2009); ***Knight v. Miss. Transp. Comm'n***, 10 So. 3d 962, 970 (¶ 27) (Miss. Ct. App. 2009). The Department is not entitled to discretionary-function immunity for failure to properly maintain and repair highways because that function is ministerial. Therefore, the circuit court erred in granting the Department's motion to dismiss on that basis, and we reverse and remand for further proceedings consistent with this opinion.

¶12. The dissent continues to toe the line of cases that we eroded in ***Montgomery*** and overrule today. In truth, the dissent's explication of our caselaw ascribing immunity to acts rather than functions does even more to highlight the extent to which our precedent has strayed from the language of the MTCA itself. As we note above, it is the *function*, not the act, to which the MTCA grants or denies immunity. We – the judicial branch of government – should not place ourselves in the position of changing the substantive law enacted by the Legislature, ***Stockstill v. State***, 854 So. 2d 1017, 1022-23 (¶ 13) (Miss. 2003) (quoting

8

*Anderson v. Lambert*, 494 So. 2d 370, 372 (Miss. 1986)), and unfortunately the cases upon which the dissent relies reveal that, in the area of functional immunity under the MTCA, we have been doing just that. Today, we provide a much-needed correction. If the Legislature, as the state's policy-making body, wishes to ascribe immunity to acts rather than functions, it is certainly free to do so, but it has not done so yet.

### III. Whether the Court of Appeals erred in its application of the immunity provisions of the MTCA.

¶13. Little asserts that the Court of Appeals erred in applying the immunity provisions of the MTCA found in Section 11-46-9. He also asserts that the courts' longstanding and consistent application of those immunity provisions is erroneous and should be overturned because, in his opinion, Section 11-46-9(1) is not written in the disjunctive and immunity under only one subsection does not actually render the government actor immune from liability. At the hearing on the Department's motion to dismiss, the parties and the trial judge expressed confusion about the application of what they believed to be conflicting opinions from the Court of Appeals pertaining to the immunity provisions of the MTCA. Because we have held that the Department is not entitled to discretionary-function immunity, and we remand for further proceedings, we are not required to address this issue. However, we do so briefly to alleviate the apparent confusion of the parties and the trial court.

¶14. Little asserts that, even if the Department was entitled to discretionary-function immunity, which we have held it is not, the Department could not be immune from liability because it had a duty to warn of a dangerous condition under Section 11-46-9(1)(v). *See* Miss. Code Ann. § 11-46-9(1)(v) (Rev. 2012). First, Little seemingly seeks to have

9

subsection (1)(v) enforced as an affirmative duty to warn, rather than as a provision for immunity against claims for failure to warn.[2] The provisions in Section 11-46-9(1) are shields, not swords. A duty must arise from another statute first before we look to Section 11-46-9(1) to determine if an exemption applies. The exemptions do not impose duties and cannot be used as affirmative sources of liability. *See Pearl River Valley Water Supply Dist. v. Bridges*, 878 So. 2d 1013, 1019 (¶ 30) (Miss. Ct. App. 2004).

¶15.　Second, Little asserts that Section 11-46-9(1) is not written in the disjunctive, and that immunity under one provision is not sufficient. Little has failed to articulate exactly how he thinks Section 11-46-9(1) should be applied. Presumably, he means that immunity must be found under all of the subsections. That, however, would be absurd, as every subsection is not relevant to every claim. Regardless, such an application would be contrary to this Court's consistent application of the MTCA for the last twenty years. *See Fortenberry v. City of Jackson*, 71 So. 3d 1196, 1204 (¶ 25) (Miss. 2011) ("Applicability under any one of the provisions of Mississippi Code Section 11-46-9 provides immunity for a governmental entity and its employees."); *State v. Hinds County Bd. of Supervisors*, 635 So. 2d 839, 842 (Miss. 1994) ("State cannot be held liable for damages if the conduct falls within one of the exceptions found in Miss. Code Section 11-46-9."). *See also Willing v. Estate of Benz*, 958 So. 2d 1240, 1255 (¶ 40) (Miss. Ct. App. 2007) ("where any of the immunities enumerated in [S]ection 11-46-9(1) apply, the government is completely immune from any claims arising from the act or omission complained of"); *Bridges*, 878 So. 2d at 1016 (¶ 12) (The

---

[2] Notably, Little's complaint did not include a claim a for failure to warn, but he attempted to assert that claim at the hearing via subsection (1)(v).

exemptions in Section 11-46-9(1) "are written in the disjunctive . . . . The immunities vary widely and it would be impossible for all to fit. Applicability of any one of these sections creates immunity."). To be clear, we have never held that the applicability of one exemption extinguishes *all claims*. Each separate and distinct claim must meet an exemption under one of the subsections of Section 11-46-9(1) for immunity to apply to that particular claim. The Court of Appeals was correct in its discussion of the law on this point, and we decline to overturn our longstanding application of Section 11-46-9 and the immunity provisions of the MTCA. This issue is without merit.

**Conclusion**

¶16. The Department's duty to maintain and repair highway right-of-way is a ministerial function. Therefore, the Department is not entitled to discretionary-function immunity for the acts, or the failure to act, associated with that function, and the circuit court erred in granting the Department's motion to dismiss on that basis. The judgments of the George County Circuit Court and the Court of Appeals are reversed, and the case is remanded to the circuit court for further proceedings consistent with this opinion.

¶17. **REVERSED AND REMANDED.**

**DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, AND KING, JJ., CONCUR. WALLER, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION. PIERCE, J. NOT PARTICIPATING.**

**WALLER, CHIEF JUSTICE, DISSENTING:**

11

¶18.    I agree that the Mississippi Department of Transportation ("MDOT")[3] is required to inspect and maintain state highways; however, the implementation of maintenance is discretionary because it involves  decisions made by employees which must be based on considerations of public policy.  Because of this Court's longstanding bright-line rule that road maintenance and repair is discretionary, I respectfully dissent.

¶19.    In *Mississippi Transportation Commission v. Montgomery*, 80 So. 3d 789 (Miss. 2012), we wrote that, if Section 65-1-65 was "the only statutory provision at issue, we would find that [MDOT] is not immune for the acts carrying out that function" and "[MDOT's] duty to maintain highways is not discretionary. . . ." *Montgomery*, 80 So. 3d at 798 (¶ 32).  Those quotes, taken alone and in isolation, are an incomplete statement of the law to be applied.

¶20.    *Montgomery* came to this Court on an interlocutory appeal from a denial of a motion for summary judgment.  *Id.* at 791.  The trial court denied MDOT's motion for summary judgment because it found issues of material fact "existed as to whether [MDOT] had notice of the pothole."  *Id.* at 800.  We found that "the trial court erred by failing first to consider whether the failure to warn was a discretionary function under the public-function test" and reversed the judgment and remanded the case.  *Id.*  Thus, we simply ordered the trial court first to consider whether [MDOT's] duty to warn of a dangerous pothole on a highway was

_____

[3]The majority opinion refers to the Mississippi Department of Transportation as the "Department."  Many cases, including some cited in this opinion, refer to the "Commission" or the State Highway Commission and some to the Mississippi Department of Transportation or "MDOT."  The statutes, including the one at issue here, Mississippi Code Section 65-1-65, place "the duty of the State Highway Commission to have the State Highway Department maintain all highways." Miss. Code Ann. § 65-1-65 (Rev. 2005).  I will use the term "MDOT" to refer collectively to the State Highway Commission and to the Mississippi Department of Transportation.

discretionary or ministerial under Section 11-46-9(1)(d) and if it was discretionary, then it would be proper to grant [MDOT's] motion for summary judgment. *Id*. at 799-800 ("If the nature of [MDOT's] duty to warn of this pothole indeed involves choice or judgment and is grounded in policy considerations, then [MDOT] is immune under Section 11-46-9(1)(d))." *Id*. In *Montgomery*, we did not overturn the line of cases cited *infra* and for good reason.

¶21.    This Court and the Court of Appeals repeatedly have held that road maintenance and repair are discretionary as opposed to ministerial functions. *See Miss. Dep't of Transp. v. Cargile*, 847 So. 2d 258, 269 (¶ 44) (Miss. 2003), *overruled on other grounds* by *Miss. Trans. Comm'n v. Montgomery*, 80 So. 3d 789 (Miss. 2012); *Brewer v. Burdette*, 768 So. 2d 920, 923 (¶ 17) (Miss. 2000), *overruled on other grounds* by *Miss. Trans. Comm'n v. Montgomery*, 80 So. 3d 789 (Miss. 2012); *Mohundro v. Alcorn County*, 675 So. 2d 848, 854 (Miss. 1996); *Coplin v. Francis*, 631 So. 2d 752, 754-55 (Miss. 1994); *State ex rel. Brazeale v. Lewis*, 498 So. 2d 321, 323 (Miss. 1986)). *See also, McFarland v. Miss. Dep't of Transp*., 81 So. 3d 1209, 1212 (¶ 7) (Miss. Ct. App. 2012); *Farris v. Miss. Transp. Comm'n*, 63 So. 3d 1241, 1244 (¶ 13) (Miss. Ct. App. 2011); *Lee v. Miss. Dep't of Transp.*, 37 So. 3d 73, 81 (¶ 22) (Miss. Ct. App. 2009); *Knight v. Miss. Transp. Comm'n*, 10 So. 3d 962, 970 (¶ 27) (Miss. Ct. App. 2009).   As the cases cited *supra* clearly illustrate, the duty to maintain highways and right-of-way under Section 65-1-65 is a discretionary function, which necessarily involves economic and policy considerations.

¶22.    Under the Mississippi Torts Claims Act ("MTCA"), a governmental entity and its employees are immune from liability for claims arising from "the exercise or performance or the failure to exercise or perform a discretionary function or duty[.]" Miss. Code Ann. §

11-46-9(1)(d) (Rev. 2012). A two-prong analysis is required to determine whether governmental conduct is discretionary: "(1) whether the activity involved an element of choice or judgment; and if so, (2) whether the choice or judgment . . . involves social, economic or political policy alternatives." *Doe v. State ex rel. Miss. Dep't of Corrections*, 859 So. 2d 350, 356 (Miss. 2003) (quoting *Bridges v. Pearl River Valley Water Supply Dist.*, 793 So. 2d 584, 588 (Miss. 2001)). A governmental duty is ministerial if "the duty is one which has been positively imposed by law . . . its performance required at a time and in a manner or upon conditions which are specifically designated . . . ." *L.W. v. McComb Separate Mun. Sch. Dist.,* 754 So. 2d 1136, 1141 (Miss. 1999). *See also City of Jackson v. Doe ex rel. J.J.*, 68 So. 3d 1285 (Miss. 2011) (operation of a city park was a discretionary function because no regulations dictated the manner in which a city park should be operated).

¶23.   Section 65-1-65 provides in part, "it shall be the duty of the director, subject to the rules, regulations and orders of [MDOT]. . . to organize an adequate and continuous patrol for the maintenance, repair, and inspection of all of the state-maintained state highway system[.]" Miss. Code Ann. § 65-1-65 (Rev. 2012). With regard to the first prong of the test, Section 65-1-65 clearly involves an "element of choice or judgment," because it gives discretion to MDOT to determine how the highways are to be maintained by setting rules and organizing patrols throughout the state's thousands of miles of highway.

¶24.   Regarding the second step for determining discretionary-function immunity, this Court reasoned, as it pertained to road maintenance by a member of a board of supervisors in *Brazeale*:

14

> [W]e recognize that, for various reasons, at least some roads may be in a state of disrepair from time to time, particularly due to the lack of funds, which would, of course, require that the main, heavily-traveled roads receive the supervisor's immediate attention. Certainly, making the determination as to which roads should be the better maintained under such conditions would be a discretionary matter . . . .

*Brazeale*, 498 So. 2d at 323. Following this rationale, Court of Appeals wrote in *Lee v. Mississippi Department of Transpiration*: "We recognize that MDOT has a limited number of funds to disperse in the maintenance and upkeep of the State's highways. Therefore, MDOT *must* use its discretion and judgment when determining the order in which roads will be resurfaced or repaired." *Lee*, 37 So. 3d at 78 (¶ 9).

¶25. Section 65-1-65 does not specify in what manner or under what conditions maintenance is to be performed, thus calling for discretion and judgment on the part of MDOT. Further, highway maintenance by MDOT involves policy and economic considerations through the exercise of MDOT's discretion in determining which highways or roads should be repaired first and which maintenance issues are most important.

¶26. I would affirm the Court of Appeals decision and the judgment of the trial court and follow the precedent this Court has established since the Mississippi Torts Claims Act was adopted in 1984. I would find that MDOT's duty to maintain, repair, and inspect highways is discretionary, and MDOT is entitled to discretionary function immunity under Mississippi Code Section 11-46-9(1)(d).

¶27. For the above-mentioned reasons, I respectfully dissent.

15