# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2011-CT-01500-SCT

*NEWTON COUNTY, MISSISSIPPI AND RODNEY BOUNDS*

*v.*

*STATE OF MISSISSIPPI FOR THE USE AND BENEFIT OF GEORGE DUKES; GEORGE DUKES; AND UNION INSURANCE COMPANY*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 09/12/2011 |
| TRIAL JUDGE: | HON. FRANK G. VOLLOR |
| COURT FROM WHICH APPEALED: | NEWTON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | MICHAEL JEFFREY WOLF |
| | CLIFFORD ALLEN McDANIEL, II |
| ATTORNEYS FOR APPELLEES: | THOMAS L. TULLOS |
| | RON A. YARBROUGH |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED IN PART; REVERSED IN PART AND REMANDED - 03/06/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2011-CT-01501-SCT

*NEWTON COUNTY, MISSISSIPPI AND RODNEY BOUNDS*

*v.*

*STATE OF MISSISSIPPI FOR THE USE AND BENEFIT OF JOE JORDAN; JOE JORDAN; AND UNION INSURANCE COMPANY*

DATE OF JUDGMENT:              09/12/2011
TRIAL JUDGE:                   FRANK G. VOLLOR
COURT FROM WHICH APPEALED:     NEWTON COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANTS:      MICHAEL JEFFREY WOLF
                               CLIFFORD ALLEN McDANIEL
ATTORNEYS FOR APPELLEES:       THOMAS L. TULLOS
                               RON A. YARBROUGH
NATURE OF THE CASE:            CIVIL - OTHER
DISPOSITION:                   AFFIRMED IN PART; REVERSED IN PART
                               AND REMANDED - 03/06/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**KING, JUSTICE, FOR THE COURT:**

¶1.     George Dukes and Joe Jordan sued Union Insurance Company Inc. as surety on the public official bond of Newton County Circuit Clerk Rodney Bounds.  Union filed a cross-claim against Bounds for indemnity.  The Newton County Circuit Court dismissed the case against Bounds, but found Union liable to Dukes and Jordan.  However, it also found Bounds liable to Union for indemnity.  Union appealed, and the Court of Appeals reversed, finding that Union was not liable to Dukes and Jordan, and that Bounds was not liable to Union for indemnity.  We granted Union's petition for certiorari, which argued that the Court of Appeals erred by finding that Bounds was not liable to Union for indemnity for its attorneys fees and costs incurred in defending the lawsuits filed on Bounds's public official bond.

**FACTS AND PROCEDURAL HISTORY[1]**

¶2. George Dukes and Joe Jordan each obtained judgments against their employers, Roy and Kevin White, under the Mississippi Workers' Compensation Act. The judgments each totaled approximately $135,000. The Whites appealed and posted supersedeas bonds, which their wives signed as the sureties. Rodney Bounds, the Newton County Circuit Clerk, approved the bonds without investigating the Whites' financial ability to satisfy the bonds. The Whites lost their appeal and subsequently filed for bankruptcy, thus Dukes and Jordan were unable to collect on the supersedeas bonds.[2] Dukes and Jordan then sued Bounds, Newton County, and Union Insurance Company Inc., the surety on Bounds's public-official bond.

¶3. Union filed a cross-claim against Bounds, alleging that, under the terms of Bounds's public official bond application, "Bounds agreed to indemnify and save Union harmless from and against every claim, demand, liability, loss, fees, charge, expense, suit, order, judgment, and adjudication whatsoever, including counsel fees, and from any and all liability therefor sustained or incurred as a consequence of having executed bonds for and on behalf of Bounds."[3] It alleged that, in reliance on the bond application, Union issued a public official

---

[1]Only the facts pertinent to the sole issue raised in Union's petition for certiorari will be recited.

[2]Dukes and Jordan eventually obtained $25,000 from Roy White.

[3]The bond application stated that Bounds agrees to
at all times indemnify and save [Union] harmless from and against every claim, demand, liability, cost, loss, charge, expense, suit, order, judgment, and adjudication whatsoever, counsel fees payable on demand of [Union], whether actually incurred or not, including fees of attorneys whenever by [Union] deemed necessary, and any and all liability therefor, sustained or incurred by

bond on Bounds's behalf. Union claimed that Union was required to engage legal counsel to protect its interests, due to the complaint that Dukes and Jordan filed against it, and that Bounds was liable for the costs of counsel according to the bond application terms.

¶4. The trial court found that Bounds was not liable to Dukes and Jordan because he had immunity. However, it found that Newton County and Union were liable to Dukes and Jordan for Bounds's arbitrary and capricious actions. It also awarded Union a judgment against Bounds for indemnification liability. All parties appealed to the Court of Appeals. Bounds argued that he was not liable to indemnify Union. Union argued that it was not liable to Dukes and Jordan because Bounds was not individually liable and Union was acting as Bounds's surety.

¶5. The Court of Appeals found "that the circuit court correctly held that Bounds was not personally liable." It thereafter correctly concluded that Union is not liable to Dukes and Jordan, because liability may not be imputed to a surety beyond that imputed to its principal. However, the Court of Appeals then found that "the circuit court erred when it held that Bounds was obligated to indemnify Union." It reasoned that "[b]ecause Bounds cannot be personally liable to Dukes and Jordan, Union likewise cannot be liable to Dukes and Jordan. Consequently, Union has no reason to require indemnification from Bounds." Union filed a motion for rehearing, which the Court of Appeals denied. It then filed a petition for certiorari with this Court, which we granted. In its petition, Union argued that, while Bounds is not liable to Union for its now nonexistent liability to the plaintiffs, Bounds remains liable

[Union] by reason of having executed or procured the execution of said bonds or obligations . . . .

4

for Union's attorneys' fees and expenses incurred while defending the litigation, such liability emanating from the bond application's contractual indemnity obligation. It thus concluded that "the Court of Appeals misapprehended the distinction between Bounds' [sic] contractual indemnity liability for Union's attorneys' fees and expenses and Bounds' [sic] and Union's liability *vel non* to the plaintiffs due to immunity under the MTCA."

## ANALYSIS

¶6.     The law is clear that, in a lawsuit against a bonding company as surety of a public official, "no liability may be imputed to its surety beyond that of its principal." ***Mohundro v. Alcorn County***, 675 So. 2d 848, 854 (Miss. 1996), *overruled on other grounds by **Little v. Miss. Dep't of Transp.***, 129 So. 3d 132 (Miss. 2013). Thus, because Union's liability to the plaintiffs is based upon Bounds's liability to the plaintiffs, Union may only be held liable *to the plaintiffs* to the extent that Bounds is liable to the plaintiffs. Bounds has no liability to the plaintiffs; therefore, Union has no liability to the plaintiffs. Thus, Bounds's liability for indemnity to Union for Union's liability to the plaintiffs is obviously nonexistent. It does not follow, however, that Bounds is relieved of his contractual liability to indemnify Union for its attorneys' fees and costs incurred in defending the lawsuit. Bounds's bond application clearly contained a provision in which Bounds agreed to indemnify Union for loss or expense incurred by virtue of Union's executing Bounds's bond. "[A] surety is entitled to reimbursement for reasonable and necessary expenses incurred by the surety in good faith in defending itself against a suit on a bond." ***Jackson v. Hollowell***, 685 F.2d 961, 965 (5th Cir. 1982) (citing ***Nat'l Surety Co. v. Vandevender***, 108 So. 2d 860 (Miss. 1959)).

¶7.     However, an indemnity agreement does not represent a "blank check" enabling a

surety "to incur any expense and send the bill to" the principal. *In re Estate of Taylor*, 609 So. 2d 390, 399 (Miss. 1992). Rather, a trial court must determine if a surety is entitled to indemnification under an indemnity agreement by examining whether 1) it was reasonably necessary for the surety to retain separate counsel, 2) the amount of fees and expenses claimed was reasonable, and 3) the surety acted in good faith toward the principal in incurring those expenses. *Perkins v. Thompson*, 551 So. 2d 204, 210 (Miss. 1989) (administratrix bond); *In re Estate of Taylor*, 609 So. 2d at 399 (same); *see also* *Jackson*, 685 F.2d at 966 (5th Cir. 1982) (public official bonds; applying Mississippi law). The trial court must examine the reasonableness and necessity of fees and expenses in light of the language of the indemnity agreement, specifically analyzing the sort of fees and expenses the principal undertook to indemnify. *Taylor*, 609 So. 2d at 400-01.[4] Such an analysis is a factual issue, appropriate for determination at the trial court level. *Perkins*, 551 So. 2d at

---

[4]In *Taylor*, the surety company not only undertook to defend the bond issue, but injected itself into a paternity issue in the underlying case. *Taylor*, 609 So. 2d at 400-01. The indemnity agreement limited indemnity to fees and expenses incurred "by reason of having been surety on [the] bond." *Id.* at 401. Thus, the Court found that

> [t]he agreement by its terms limits Surety's indemnity's rights to those attorneys fees and legal expenses reasonably and necessarily incurred in protecting Surety's interests. Surety is not, however, under the agreement before us entitled to fees and expenses for helping out on the paternity issue and other matters personal to [the principal], no matter how beneficial that help may have been. The mere fact that Surety's counsel may have been helpful in resisting the paternity issue does not mean that at the time Surety had substantial exposure, thereby needing protection.

*Id.* The Court held that the trial court could order the principal indemnify the surety only to the extent the surety's interests were at risk, under the terms of the specific agreement at issue. *Id.*

210; *Jackson*, 685 F.2d at 966.  In this case, the trial court made no such factual determination.  Therefore, we reverse the Court of Appeals' finding that Union is not entitled to indemnity from Bounds and remand the issue to the trial court for a determination of whether Union is entitled to indemnity from Bounds for reasonable  attorneys' fees and expenses incurred as a  consequence of executing Bounds's public official bond.

## CONCLUSION

¶8.     The Court of Appeals erred to the extent it found that Bounds was not obligated to indemnify Union for  reasonable attorneys' fees and costs.  We therefore affirm in part and reverse in part the judgments of the Court of Appeals and the Newton County Circuit Court and remand the case to the trial court for further proceedings consistent with this opinion.

¶9.     **AFFIRMED IN PART; REVERSED IN PART AND REMANDED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE AND COLEMAN, JJ., CONCUR.**