MODIFIED OPINION ON REHEARING
ROBERTS, J.,
for the Court:
¶ 1. The motion for rehearing is denied. The previous opinions are withdrawn, and these opinions are substituted in their place.
¶ 2. Tina Bruce sued the Natchez-Adams School District (NASD) after she tripped over a section of conduit that protruded from the surface of a driveway in front of NASD’s administrative building. After a bench trial, the Adams County Circuit Court awarded Bruce $488,000 in damages. NASD appeals. According to NASD, it is immune to Bruce’s claim under either the discretionary-function exemption or the dangerous-condition exemption of the Mississippi Tort Claims Act (MTCA). Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 3. In July 2008, Bruce visited NASD’s administrative building in Natchez, Mississippi, to deliver a job application. As Bruce was walking across the concrete driveway in front of the administrative building, she tripped over a section of *1183 conduit that protruded more than an inch above the driveway’s surface. At trial, Bruce testified that she had two bulging discs in her back and leg pain as a result of her fall. She attempted to alleviate her injuries through physical therapy and pain management. When those remedies produced unsatisfactory results, she underwent spinal surgery. Her necessary medical expenses exceeded $143,000. The circuit court noted that Bruce will have to walk with a cane for the rest of her life. The circuit court further noted that Bruce was permanently impaired and has functional limitations and “work restrictions.” Additionally the circuit court stated that Bruce “has endured pain and suffering and will continue to do so for the rest of her life” and “[h]er family life is altered.”
¶ 4. The protruding conduit that caused Bruce’s fall contained the power supply to a lit sign and architectural lighting in front of the administrative building. NASD had intended for the conduit to be recessed into an expansion joint in the driveway. But due to the length of the conduit, the pitch of the surface of the driveway, and continued vehicular traffic, the conduit tended to rise above the driveway.
¶ 5. Before Bruce tripped over the conduit, NASD had attempted to prevent the conduit from protruding above the surface of the driveway. Dr. Wayne Barnett, the former director of operations for NASD, testified that the conduit was a “slip, trip, and fall hazard,” so he “got the ball rolling to get it fixed.” Willie Ellis, an electrician for NASD, attempted to prevent the conduit from protruding above the surface of the driveway by drilling a “spike” into the driveway and then bending it over the conduit to hold it in place. Dr. Barnett inspected Ellis’s work and became satisfied that the conduit was no longer a trip hazard. However, Dr. Barnett also testified that he did not check on the conduit after his initial inspection to determine whether the “spike” was still preventing the conduit from protruding above the surface of the driveway. Over time, the conduit became dislodged from the “spike” and again protruded approximately two inches above the surface of the driveway.
¶ 6. NASD employees Isaac King and Jimmy Wilson testified that the conduit made a rattling noise when a car drove over it. They also noticed that the conduit was protruding above the surface of the driveway. They told NASD maintenance supervisor Demestra Winding about the protruding conduit at least once before Bruce fell.
¶ 7. As previously mentioned, NASD argued that it was entitled to immunity under the discretionary-function-exemption and the dangerous-condition-exemption provisions of the MTCA. The circuit court disagreed and awarded Bruce $488,000 in damages. NASD appeals.
ANALYSIS
I. DISCRETIONARY-FUNCTION EXEMPTION
¶ 8. NASD argues that it was entitled to immunity under the discretionary-function exemption of the MTCA. In the context of a lawsuit alleging that a governmental entity is liable for negligence, the MTCA is a plaintiffs exclusive remedy. S. Cent. Reg’l Med. Ctr. v. Guffy, 930 So.2d 1252, 1255 (¶ 7) (Miss.2006). “Questions concerning the application of the MTCA are reviewed de novo.” Miss. Dep’t of Pub. Safety v. Durn, 861 So.2d 990, 994 (¶ 7) (Miss.2003). “Immunity is a question of law.” Id. However, we will not disturb the circuit court’s factual findings if there is substantial credible evidence to support them. City of Natchez v. Jackson, 941 So.2d 865, 869 (¶9) (Miss.Ct.App.2006).
*1184 ' ¶ 9. The discretionary-function exemption is set forth in Mississippi Code Annotated section 11 — 46—9(l)(d) (Rev. 2012), which provides:
A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim ... [biased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused[.]
“A duty is discretionary when it is not imposed by law and depends upon the judgment or choice of the government entity or its employee.” Miss. Transp. Comm’n v. Montgomery, 80 So.3d 789, 795 (¶ 19) (Miss.2012). “A duty is ministerial if it is positively imposed by law and required to be performed at a specific time and place, removing an officer’s or entity’s choice or judgment.” Id.
¶ 10. In a recent opinion, the Mississippi Supreme Court significantly changed the manner in which we are to analyze questions regarding the discretionary-function exemption to the MTCA. Overruling nine prior decisions, the supreme court held that “[i]t is the function of a governmental entity — not the acts performed in order to achieve that function — to which immunity does or does not ascribe under the MTCA.” Little v. Miss. Dep’t of Transp., 129 So.3d 132, 138 (¶ 10) (Miss.2013). In other words, we are required to “look at the function performed — not the acts that are committed in furtherance of that function — to determine whether immunity exists.” Id. at 136 (¶ 8). In Little, the function at issue was the Mississippi Department of Transportation’s statutory obligation to maintain and repair state highways. Id. at 134 (¶ 2). The applicable statute in Little provides:
It shall be the duty of the state highway commission to have the state highway department maintain all highways which have been or which may be hereafter taken over by the state highway department for maintenance in such a way as to afford convenient, comfortable, and economic use thereof by the public at all times. To this end it shall be the duty of the director, subject to the rules, regulations^] and orders of the commission as spread on its minutes, to organize an adequate and continuous patrol for the maintenance, repair, and inspection of all of the state-maintained state highway system, so that [the] highways may be kept under proper maintenance and repair at all times.
Miss.Code Ann. § 65-1-65 (Rev.2012). The supreme court held that because the Department had a statutory duty “to maintain and repair state highways, that duty— and all acts in furtherance of that duty— are ministerial unless ... another statute makes a particular act discretionary.” Little, 129 So.3d at 138 (¶ 11). As a result, the supreme court concluded that “[t]he Department [was] not entitled to discretionary-function immunity for failure to properly maintain and repair highways because that function is ministerial.” Id.
¶ 11. NASD argues that it had no statutory duty to remedy the exposed conduit. It reasons that it could use its judgment in determining when and how to alleviate the protruding conduit. But Bruce claims that Mississippi Code Annotated section 37-7-301(d) (Rev.2013) supports her position that NASD had a ministerial duty to remedy the exposed conduit. We agree.
¶ 12. Section 37 — 7—301(d) states that a school board is “responsible] for the erection, repairing!,] and equipping of school facilities and ... necessary school improvements[.]” Bruce’s injuries were caused by the protruding conduit that *1185 powered the administrative building’s sign and its architectural lighting. To prevent Bruce’s injuries, NASD would have had to repair the protruding conduit. It is reasonable to conclude that the NASD administrative building is a “school facility.” The conduit that powers the administrative building’s sign and a portion of its external lighting, which is located immediately outside of the main entrance to the building, is an integral part of that “school facility.”
¶ 13. Following Little, we find that because NASD has a statutory duty to repair a school facility, all acts in furtherance of that duty are ministerial. Furthermore, the repair of improperly protruding conduit that poses a safety hazard necessarily involves the repair of a school facility. It follows that NASD had a ministerial duty to repair the protruding conduit, and it is not entitled to discretionary immunity. Accordingly, the circuit court did not err when it refused to apply the discretionary-immunity exemption of the MTCA. There is no merit to this issue.
II. DANGEROUS-CONDITION EXEMPTION
¶ 14. Next, NASD claims that it is immune from Bruce’s claim under the dangerous-condition exemption of the MTCA as set forth in Mississippi Code Annotated section ll-46-9(l)(v) (Rev.2012). Under section 11^6-9(l)(v), a governmental entity is immune from liability for a claim:
Arising out of an injury caused by a dangerous condition on property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee of the governmental entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that a governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care[.]
The circuit court declined to find that NASD was entitled to immunity under the dangerous-condition exemption. Specifically, the circuit court — sitting as the fact-finder — concluded that “the dangerous condition of the conduit was not open and obvious, and ... Bruce was not negligent.” We agree with the circuit court’s conclusion.
¶ 15. It was within the circuit court’s discretion to find that the protruding conduit was a dangerous condition on NASD’s property. It was in the vicinity of the entrance to the NASD administrative building. Dr. Barnett testified that the protruding conduit was a “slip, trip, and fall hazard.” Additionally, there was testimony that the finish of the conduit was similar to the color of the surface of the driveway. The similarity between the finish of the conduit and the color of the driveway also supports the conclusion that it was not obvious to someone who was exercising due care.
¶ 16. To summarize, Bruce testified that she did not realize that the conduit was protruding above the surface of the concrete. Counsel for NASD repeatedly attempted to impeach her with her prior statements, but Bruce explained them. Substantial credible evidence supports the circuit court’s conclusion that the protruding conduit was not open and obvious.
¶ 17. Furthermore, there was substantial credible evidence that NASD had notice of the protruding conduit before Bruce tripped over it. Mamie Moore helped Bruce inside the building after she fell. Both Moore and Bruce testified that while they were in the office, one employee stated that he and other employees knew about the protruding conduit. As discussed above, two NASD employees told a maintenance supervisor about the protrud *1186 ing conduit before Bruce tripped over it. It was within the circuit court’s discretion to find that NASD had sufficient time to either repair the protruding conduit or warn people about it. Finally, there was no evidence that NASD placed a warning or caution sign near the protruding conduit, or took any other measures to warn people about the conduit. In light of the evidence before the circuit court, it did not abuse its discretion when it found that NASD was not entitled to immunity under the MTCA’s dangerous-condition exemption. It follows that there is no merit to this issue.
¶ 18. THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION.