WALLER, Chief Justice,
dissenting:
. ¶ 30. Because I believe that the City has met its burden of proving that Crum is not entitled to relief in this, .cases, I respectfully dissent.
¶ 31. The plurality correctly recites this Court’s well-established standard of review for a motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6); However, the plurality fails to point out this Court’s recent pronouncement that, to defeat a claim of immunity under the Mississippi Tort Claims Act, the plaintiff must prove that the governmental act in question “furthered a more narrow function or duty which is made ministerial by another specific statute, ordinance, or regulation promulgated pursuant to lawful authority.’ ” Brantley v. City of Horn Lake, 152 So.3d 1106, 1115 (Miss.2014). I would find that the City presented sufficient evidence in its motion to dismiss that no set of facts would entitle Crum to relief, as she has cited no statute or regulation creating a ministerial duty that is implicated in this case.
¶32. In her complaint, Crum alleged that the City “has a duty to maintain the sewer system in such a way that Plaintiffs home is not flooded by the sewer system.” Notably, Crum did not allege that the above duty was ministerial in nature, as would be required to defeat a claim of governmental immunity under the MTCA, nor did she. even mention the MTCA in her complaint. • Nevertheless, this Court has held that the general duty of sewer-system maintenance is discretionary in nature. See Boroujerdi v. City of Starkville, 158 So.3d 1106, 1112 (Miss.2015). Thus, in response to the City’s motion to dismiss based on the MTCA, Crum bore the burden of proving that her injury was caused by an act done in furtherance of some more narrow duty made ministerial by statute or regulation. She has failed to do so.
-¶ 33. In her response to the City’s motion to dismiss,' Crum first couched her claim as one for negligent road maintenance, claiming that the City was not entitled to discretionary-function immunity because “[t]he city employee’s act of knocking the lid and ring of the sewer manhole off was not. a discretionary act.” Essentially, she argued that “[tjhere could hardly be a less ministerial job than a street employee bushogging [sic] ditches.” This argument clearly is without merit. This Court has held that the Mississippi Department of Transportation has a ministerial duty, specifically created by statute, to maintain and repair state highways. Little v. Miss. Dep’t of Transp., 129 So.3d 132, 138 (Miss.2013). But no concomitant duty exists for municipalities with respect to municipal roadways. On the contrary, “the governing authorities of municipalities shall have the power to -exercise full jurisdiction in the matter of streets, sidewalks, sewers and parks, to open and lay out and construct the same; and to repair, maintain, pave, sprinkle, adorn, and light the same.” Miss.Code Ann. § 21-37-3(1) (Rev.2015). Crum fails to cite a statute that creates a ministerial duty of maintenance or repair for munici *856 pal roads similar to the statute cited in Little. Therefore, under Brantley, the City is immune from Crum’s claim that her injury was caused by negligent road maintenance. See Brantley, 152 So.3d at 1116 (finding that the function of providing ambulance services is discretionary, because no statute requires a governmental entity to perform that function).
¶ 34. Next, Crum argued that the MTCA did not provide the City with immunity because the failure to properly maintain the sewer manhole in question violated federal law. This argument also is flawed. First, the federal regulations on which Crum relies were promulgated pursuant to the Federal Water Pollution Prevention Act, which applies only to “navigable waters,” which does not include the groundwater that Crum now speculates was polluted by the discharge in this case. 33 U.S.C. §§ 1311(a), 33 U.S.C. § 1362(7); 40 C.F.R. § 122.2. See Village ofOconomo-woe Lake v. Dayton Hudson Corp., 24 F.3d 962 (7th Cir.1994) (affirming dismissal of claim based on alleged violation of the Federal Act, where alleged discharge occurred in groundwater, rather than navigable water). Moreover, the Federal Act does not create any general day-to-day operational duties, but leaves this regulatory authority to the states. See District of Columbia v. Schramm, 631 F.2d 854, 860 (D.C.Cir.1980).
¶ 35. In addition, the state regulations on which Crum relies do not create a ministerial duty that is applicable to the instant case. Crum attached twenty pages of Mississippi Department of Environmental Quality permitting regulations to her response to the City’s motion to dismiss, but she did not explain how any of these regulations applied to her case. On appeal, Crum now relies on MDEQ regulations promulgated under the Mississippi Air and Water Pollution Control Law (“the State Law”), which require sewage-control operators at all times to “properly operate, maintain, and when necessary, promptly replace all facilities and systems of collection (and related appurtenances) which are installed or used by the permittee to achieve compliance with the conditions of the permit.” Miss. Admin. Code § 11-6-1.1.4(A)(18). Crum does not explain how the City’s alleged act of damaging a manhole cover equates to a violation of these statutes and regulations. Instead, she simply argues that these statutes and regulations create a continuous ministerial duty of maintenance, which negates the protections of the MTCA. Crum makes no allegation that the discharge in question affected any of the state’s waters or otherwise violated applicable water-quality standards. Simply put, under Brantley, the City’s duty under the State Law to prevent unnecessary water pollution is not “at issue” in this case. Brantley, 152 So.3d at 1115 (“The Court must then examine any narrower duty associated with the activity at issue to determine whether a statute, regulation, or other binding directive renders that particular duty a ministerial one[.]”). Because the State Law is inapplicable to this case, so are the regulations promulgated thereunder.
¶ 36. Finally, Crum supported her response to the City’s motion to dismiss with the MDEQ’s Wastewater Treatment Facilities Operations and Training Manual, 5th edition. She argued that provisions of this manual created a ministerial duty of inspection and maintenance. But the training manual in question specifically provides that it was not intended to create any legal duties or requirements. Rather, the training manual simply provides guidance and instruction on best practices for sewage-facility operators. Thus, the City’s alleged noncompliance with this manual cannot serve as the basis of Crum’s claim. See, e.g., Chisolm v. Miss. Dep’t of Transp., 942 So.2d 136, 143 (Miss.2006) (holding that the provisions of the Manual *857 on Uniform Traffic Control Devices are advisory in nature and cannot be used to create a legal obligation).
¶37. After a review of Crum’s complaint, the City’s motion to dismiss, and Crum’s response to the motion, I believe that Crum failed to defeat the City’s defense of immunity by presenting the trial court with a relevant statute or regulation creating a ministerial duty in this case. The plurality posits, as an alternative disposition, that this case should be remanded to the trial court to allow Crum to conform her complaint to this Court’s holding in Brantley, which was not decided until after Crum had perfected her appeal. But this Court already has given the parties the opportunity to address the impact of Brantley on the trial court’s dismissal in this case. In her response to the City’s request for supplemental briefing, Crum argued that “her Appellant’s Brief sufficiently anticipates the holding in Brantley, making further briefing in view thereof unnecessary.” And in her supplemental brief, Crum claimed that “no matter how Brantley is viewed — be it from the perspective of the majority opinion or from that of the dissent — the Brantley opinion strongly supports Ms. Crum’s contention that the City of Corinth lacks sovereign immunity in this matter.” Thus, the parties agree that Crum’s claims are squarely before this Court, and that further analysis of Brantley in the trial court is unnecessary.
¶ 38. Because the City met its burden of proving that there is no set of fact which would afford Crum relief in this case, I would affirm the trial court’s dismissal of Crum’s complaint.
PIERCE, J., JOINS THIS OPINION.